WILLIAM MALAT AND ETHEL MALAT, ET AL.,[1] PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 63976–63979. Filed May 31, 1960.

*George T. Altman, Esq.*, for the petitioners.
*Richard W. Janes, Esq.*, and *Leo K. O'Brien, Esq.*, for the respondent.

OPINION.

MULRONEY, *Judge:* When these consolidated dockets were called for trial neither petitioners nor respondent offered any evidence. Petitioners filed motions in all of these dockets which began with the following language:

MOTION

Petitioners move the court for judgment on the pleadings, with the resulting deficiency to be determined under Rule 50, * * *

Respondent determined deficiencies in income tax and additions to tax, as follows:

[1] The following proceedings are consolidated herewith: Ben Lesser and Lily Lesser, Docket No. 63977 ; Louis Rudman and Shirley Rudman, Docket No. 63978, and Louis Lomas and Claire Lomas, Docket No. 63979.

| Docket No. | Petitioner | Year | Deficiency | Additions to tax, sec. 294(d)(2), I.R.C. 1939 |
|---|---|---|---|---|
| 63976 | William Malat and Ethel Malat | 1950 | $14,542.59 | $1,003.26 |
| | | 1951 | 12,746.75 | 1,092.46 |
| 63977 | Ben Lesser and Lily Lesser | Taxable year ended Nov. 30, 1950. | 12,923.84 | 1,010.01 |
| | | Taxable year ended Nov. 30, 1951. | 11,253.70 | None |
| 63978 | Louis Rudman and Shirley Rudman | 1950 | 15,225.83 | 1,424.60 |
| | | 1951 | 12,950.63 | 1,142.63 |
| 63979 | Louis Lomas and Claire Lomas | 1950 | 18,083.77 | 1,362.28 |
| | | 1951 | 9,958.91 | 1,186.22 |

Respondent, in the several notices of deficiency, after setting forth the amounts of deficiency indicated above, attached several schedules showing the adjustments made to net income and an explanation of the adjustments. As an illustration a portion of several of these schedules taken from Docket No. 63976 is set forth below. The other dockets here involved all contained similar adjustments which followed the same pattern, differing only in amount.

*Taxable Year Ended December 31, 1950*

Schedule 1

ADJUSTMENTS TO NET INCOME

Net income as disclosed by the return _____ $33,339.47
Additional income:
  (a) Ordinary income _____ $51,866.69

\*     \*     \*     \*     \*     \*     \*

Schedule 2

EXPLANATION OF ADJUSTMENTS

  (a) Pioneer Plaza, Inc. _____ $32,962.83   (1)

\*     \*     \*     \*     \*     \*     \*

(1) The net profit of $30,045.48 returned by you as a long-term capital gain from the sale of 31 lots, Pioneer Plaza, has been increased to a net profit of $32,962.83 from the sale of 31 homes. The homes are part of a single subdivision tract financed and constructed by Pioneer Plaza, Inc. The corrected net profit was received and retained by you under a claim of right and without restrictions as to its disposition.

It is held the sales were those of Pioneer Plaza, Inc., and the net profits are taxable first to it and then, as corporate distribution to you as a stockholder of Pioneer Plaza, Inc., as ordinary income under section 22(a) of the 1939 Internal Revenue Code.

In the alternative it is held that the homes were not capital assets but were held primarily for sale to customers in the ordinary course of your trade or business. The net profit from the sale is taxable as ordinary income under the provisions of section 22(a) of the Internal Revenue Code of 1939.

The capital gain of $15,022.74 (50 percent of $30,045.48) has been eliminated from your income.

In their petition in Docket No. 63976, petitioners duly assigned error to this and the other adjustments. The assigned error as to

the above adjustment was in the manner set forth below and a similar assignment of error was made in the other petitions:

4. The determination set forth in the said notice of deficiency is based upon the following errors:

In respect to the year ended December 31, 1950:

(a) The Commissioner erred in treating the amount of $32,962.83, representing net profit from the sale of 31 homes, as net profit of Pioneer Plaza, Inc., taxable to petitioners as a distribution from said corporation.

(b) The Commissioner erred in treating the said amount of $32,962.83 in the alternative as ordinary income from the sale of said homes by petitioners, instead of as capital gain.

With respect to the adjustments such as previously set forth in Docket No. 63976, and common to all dockets in differing amounts, the motions of petitioners were, in effect, for judgments against the petitioners in the amount determined by the Commissioner upon the additional net income received from the house sales ($32,962.83 in Docket No. 63976) with the judgments in each case to be based upon a finding of fact that adopted the alternative holding in each determination of deficiency as findings of fact. The following quotation from the motions will suffice to show what petitioners seek:

[T]he Commissioner in his deficiency notice, * * * has held by way of an "alternative" finding that the real estate parcels involved "were not capital assets but were held primarily for sale to customers in the ordinary course of your [petitioners'] trade or business."

Petitioners now ask the court to adopt the said holding of the Commissioner as its finding of fact under these issues.

The dockets that are before us here were set for trial and were heard at the same time as *Louis Lesser*, a Memorandum Opinion of this Court dated May 31, 1960, but, because of another adjustment in that case, which was the subject of dispute, were not consolidated therewith. At the time of submission of these dockets petitioners' counsel stated there was to be no testimony offered by him and that he would rest upon his motions for judgments on the pleadings.

It is obvious that either one of the explanations of the adjustments contained in the second and third paragraphs of respondent's Explanation of Adjustments, will produce the same dollar amount ($32,962.83 in Docket No. 63976) which respondent determined was to be added to the income that is to be taxed as ordinary income.

Petitioners' motions are each simply entitled "Motion," but the first few lines state they are moving for judgment on the pleadings, and petitioners, in argument, refer to the motion as motions for judgments on the pleadings. The name given to a motion is not important. The motions do not state the dollar amount of the judgments they request be entered against them but obviously they are

requesting judgment for the full amount of the tax deficiency since they ask it be entered on a finding of fact that will produce that sum.

Ordinarily a motion for judgment on the pleadings seeks a judgment in favor of the moving party. These motions seek judgments of this Court against the moving parties in the exact amount of tax determined on the adjustments. That would be the judgments this Court would enter if no motions were filed and no evidence introduced.

The only apparent purpose of the motions would be to have this Court decide in the case of the stockholder, and without any evidence, that his corporation had no income from the sale of residences. Obviously this would not be proper. The cases of the corporations may be pending before this Court. Their liability for tax cannot be adjudicated by such a pleading maneuver as petitioners make.

Since petitioners, who have the burden of proof, submitted their cases on such motions without any evidence, the motions are utterly meaningless. Since they move for judgment against themselves in the exact amount determined, and introduce no evidence, and state they do not care to introduce evidence but will rest on their motions, they have no standing to ask this Court to base its judgments on conceded facts, or any pleading admissions. Respondent's determination of a deficiency is presumptively correct. When there is failure on the part of a taxpayer to introduce any evidence that it is not, the only judgment that will be entered against him for the determined deficiency will be based upon that presumption of correctness that attaches to respondent's determination and the taxpayer's failure to carry his burden of proof to show it was not.

Petitioners' motions for judgments to be based upon this Court adopting any part of respondent's Explanation of Adjustments as its findings of fact, are denied. Respondent will have judgments against petitioners upon his determinations of tax due based upon his holding of the amounts to be added to income under the adjustments as to house sales which appear in all dockets. Such adjustments are admittedly similar to the adjustment in Docket No. 63976 previously set forth. It is to be understood that such judgments will be based upon the presumption of correctness of respondent's determinations and petitioners' failure to sustain their burden of proving they were not. Both parties state there are stipulations and concessions with respect to other adjustments and that a Rule 50 computation will be necessary in all the dockets.

*Decisions will be entered under Rule 50.*