I. E. DOGGETT AND OVATER K. DOGGETT, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 9106-72, 9074-75.     Filed April 15, 1976.

*Daniel R. Dixon,* for the petitioners.
*Gary F. Walker,* for the respondent.

### OPINION

SIMPSON, *Judge:* This matter arises because the Commissioner has issued two notices of deficiency with respect to the same transaction. In a notice of deficiency dated September 19, 1972 (the first notice), he determined a deficiency of $13,226.41 in the petitioners' income tax for 1969. Such deficiency was based upon a finding that they realized long-term capital gain in that year of $70,387.57 from the sale of stock in the Yellow Cab Co. of Raleigh, Inc., which could not be reported in accordance with section 453 of the Internal Revenue Code of 1954 (relating to the

use of the installment method). In addition, the petitioners' medical deduction was decreased solely as a result of the petitioners' increased adjusted gross income from such long-term capital gain. In docket No. 9106-72, the petitioners timely filed a petition with this Court seeking a redetermination of such deficiency.

Subsequently, in a notice of deficiency dated July 10, 1975 (the second notice), the Commissioner determined a deficiency of $7,990.50 in the petitioners' income tax for 1972. In part, such deficiency was based on a finding that the petitioners, in 1972, realized long-term capital gain of $70,387.57 from the sale of stock in the Yellow Cab Co. of Raleigh, Inc. (the stock). In docket No. 9074-75, the petitioners have timely petitioned this Court for a redetermination of the deficiencies set forth in the second notice. Both dockets have since been consolidated for purposes of trial, briefing, and opinion.

The petitioners filed a motion for summary judgment requesting we hold that, as a matter of law, the Commissioner abandoned the deficiency set forth in the first notice when he issued the second notice. A hearing was held on such motion, and the parties have submitted briefs in support of their positions. The Commissioner has clearly stated in his brief, and the petitioners in their reply brief clearly recognize, that the notices before us are intended to assert alternative deficiencies; that is, the Commissioner is seeking to tax the gain from the sale of the stock only once, not twice. In these notices, the Commissioner has determined that the gain was realized either in 1969 or 1972, but he has clearly stated that in the event one of his determinations is upheld, he concedes that the other determination is incorrect.

Moreover, if the Court finds that the gain on the sale of the stock is taxable in one of the years, it will not hold the same gain to be taxable in the other year. See *Commissioner v. Sunnen,* 333 U.S. 591, 599-601 (1948); *James T. Shiosaki,* 61 T.C. 861, 863 (1974); *Estate of William G. Maguire,* 50 T.C. 130, 139 (1968). Consequently, there is absolutely no possibility that the same gain will be taxed twice and therefore we do not need to consider the petitioners' arguments concerning the constitutional objections that would be raised if double taxation of the same income were possible.

The Rules of this Court recognize that any party may present alternative statements of a claim or defense in his pleadings. Rule 31(c), Tax Court Rules of Practice and Procedure. It is also well established that in tax litigation, the Commissioner may, in notices of deficiency, present alternative claims for deficiencies when there is a basis for doing so. He may assert, in the alternative, that the same income was received by different taxpayers or that the same income was received by the same taxpayer in different taxable years. *Wiles v. Commissioner,* 499 F. 2d 255, 259 (10th Cir. 1974), affg. 60 T.C. 56 (1973), cert. denied 419 U.S. 996 (1974); *Estate of Goodall v. Commissioner,* 391 F. 2d 775, 781-784 (8th Cir. 1968), affg. on this issue a Memorandum Opinion of this Court, cert. denied 393 U.S. 829 (1968); *Malat v. Commissioner,* 302 F. 2d 700, 706 (9th Cir. 1962), affg. 34 T.C. 365 (1960), cert. denied 371 U.S. 934 (1962); *Revell, Inc. v. Riddell,* 273 F. 2d 649, 658-660 (9th Cir. 1959), cert. denied 364 U.S. 835 (1960); *L. C. Bohart Plumbing & Heating Co.,* 64 T.C. 602, 615-616 (1975); *Julius E. Hoeme,* 63 T.C. 18, 20-21 (1974); *M. Lucile Harrison,* 59 T.C. 578, 592 n. 13 (1973); *Brantley L. Watkins,* 53 T.C. 349, 359 (1969); *Estate of H. B. Hundley,* 52 T.C. 495, 510 (1969), affd. per curiam 435 F. 2d 1311 (4th Cir. 1971); *Leon R. Meyer,* 46 T.C. 65, 82-83 (1966), affd. on this issue 383 F. 2d 883 (8th Cir. 1967); *Nat Harrison Associates, Inc.,* 42 T.C. 601, 617 (1964); *Stone v. United States,* 405 F. Supp. 642, 649 n. 26 (S.D. N.Y. 1975); cf. *Goldstein v. United States,* 227 F. 2d 1 (8th Cir. 1955).

The facts of this case differ from those cases in only one material respect: here, the Commissioner used separate notices of deficiency to assert that the taxpayer realized the same income in different taxable years; whereas, in the other cases involving the same taxpayer, the alternative claims were contained in a single notice of deficiency. However, it is immaterial whether the alternative claims are presented in a single notice or in separate notices. In many cases, the Commissioner has asserted, in the alternative, that the same income was received by several taxpayers, and in those cases, the alternative claims were presented in separate notices; nonetheless, the courts have upheld the Commissioner's right to present such alternative claims. *Wiles v. Commissioner,* 499 F. 2d at 259; *Estate of Goodall v. Commissioner,* 391 F. 2d at 781-784; *Revell, Inc. v. Riddell,* 273

F. 2d at 658-660; *L. C. Bohart Plumbing & Heating Co.,* 64 T.C. at 615-616; *Julius E. Hoeme,* 63 T.C. at 20-21; *Brantley L. Watkins,* 53 T.C. at 359; *Estate of H. B. Hundley,* 52 T.C. at 510; *Leon R. Meyer,* 46 T.C. at 82-83; *Nat Harrison Associates, Inc.,* 42 T.C. at 617; *Stone v. United States, supra;* cf. *Goldstein v. United States, supra.*

Whenever it is practicable to do so, it is surely preferable to have the Commissioner present his alternative claims for a deficiency against the taxpayer in a single notice of deficiency, for in that manner, the taxpayer is made aware that the claims are presented in the alternative, and the alternative claims can be dealt with in a single petition to this Court. Furthermore, we urge the Commissioner, whenever he sets forth an alternative claim in a second notice, to indicate clearly to the taxpayer that the claim is being presented in the alternative and that there is no intention to tax the same income twice. However, whenever it appears, as here, that the Commissioner has issued a second notice of deficiency setting forth an alternative claim with respect to the same income, we will not hold that, as a matter of law, he has abandoned the first determination.

The petitioners' reliance on *Leon Papineau,* 28 T.C. 54 (1957), and *Thomas Wilson,* 25 T.C. 1058 (1956), is misplaced. In each of those cases, after the petition had been filed, the Commissioner amended his answer to set forth a position different than that contained in the notice of deficiency. In each case, the Court found, based on the entire record, that the Commissioner intended to abandon the position initially taken in the notice. However, in the case before us, the Commissioner has indicated unequivocally that he is not abandoning his initial position but that his positions are presented in the alternative.

Many of the petitioners' arguments deal with the question of whether, when the Commissioner subsequently adopts a different position, the burden of proof shifts to him with respect to such matter. However, the question as to who bears the burden of proof with respect to the alternative positions asserted by the Commissioner in this case was not raised by the petitioners in their motion, and we need not pass on such matter at this time.[1]

---

[1] In any event, the question as to who bears the burden of proof is not a proper subject of a motion for summary judgment. *Julius E. Hoeme,* 63 T.C. 18, 20-21; Rule 121(a), Tax Court Rules of Practice and Procedure.

In view of our conclusion that, as a matter of law, the Commissioner may present alternative positions for the consideration of the Court, the petitioners' motion for summary judgment will be denied.

*An appropriate order will be issued.*