MICHAEL GIALANELLA AND NICOLINA GIALANELLA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; ITALIAN DELIGHT OF COLUMBIA MALL, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gialanella v. Commissioner
Docket Nos. 4568-84, 4569-84.
United States Tax Court
T.C. Memo 1986-44; 1986 Tax Ct. Memo LEXIS 564; 51 T.C.M. (CCH) 397; T.C.M. (RIA) 86044; January 30, 1986. Andrew Jay Graham, for the petitioners. John F. Dean, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: In these consolidated cases, respondent determined deficiencies and additions to tax under section 6653(b)[1] for years and in amounts as follows: Michael Gialanella and Nicolina Gialanella, Docket No. 4568-84
Year Ended
Additions to Tax
Dec. 31
Deficiency
Sec. 6653(b)
1975
$39,932.18
$19,966.09
1976
58,450.92
29,225.46
1977
60,813.80
30,406.90
1978
66,297.96
33,148.98
1979
69,126.16
34,563.08
1980
71,464.52
35,732.26
1981
68,216.48
34,108.24
*565 Italian Delight of Columbia Mall, Inc., Docket No. 4569-84
Year Ended
Additions to Tax
June 30
Deficiency
Sec. 6653(b)
1975
$7,621.94
$3,810.97
1976
32,496.35
16,248.17
1977
41,902.08
20,951.04
1978
44,284.80
22,142.40
1979
29,478.08
14,739.04
1980
30,807.20
15,403.60
1981
26,574.80
13,287.40
1982
20,538.05
10,269.02
The issues which we must decide are: (1) The amount of unreported income, if any, received by the respective petitioners in the years shown in the above table; (2) whether the individual petitioners are entitled to itemized deductions in addition to the zero bracket amount for the years 1977 through 1981; (3) whether the individual petitioners suffered a capital loss in 1980; (4) whether the individual petitioners suffered a section 1244 stock loss in the year 1980; (5) whether the corporate petitioner incurred deductible travel expense in 1976; (6) whether the corporate petitioner had deductible expense *566 in connection with an apartment in 1977; (7) whether either or both petitioners are liable for additions to tax under section 6653(b). Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. FINDINGS OF FACT Petitioners Michael Gialanella and Nicolina Gialanella (hereinafter "Michael" and "Nicolina"), husband and wife, were residents of Baltimore County, Maryland, at the time their petition herein was filed. They filed joint income tax returns with respondent for the calendar years 1975 though 1981. Petitioner Italian Delight of Columbia Mall, Inc. (hereinafter "Italian Delight"), a Maryland corporation with its principal place of business at Columbia, Maryland, filed corporate income tax returns with respondent for its fiscal years ending June 30, 1975, 1976, 1977, 1979, 1980, 1981 and 1982. No return was filed for the fiscal year ending June 30, 1978. Italian Delight was established at about the beginning of 1975 at Columbia Mall, in ColumbiaMaryland. It was a restaurant specializing in pizza and other Italian foods, and served customers on the premises as well as for *567 "take out." Michael had a 50 percent interest in the corporation, a 25 percent interest was owned by Bruno Fabi, and another 25 percent interest was owned by Victor DiVivo. In late 1977 or early 1978, DiVivo sold his 25 percent interest to Fabi. Michael was the day-to-day manager of the operations of the restaurant from its opening through the year 1977. From time to time Nicolina also helped out in the operations of the restaurant. Money deposited in Italian Delight's bank account formed the basis from which corporate income taxes were computed. Although all sales to customers were made in cash, no cash register tapes or other record of cash receipts was kept. For each of its fiscal years ended June 30, 1975 though June 30, 1982, Italian Delight earned income from the restaurant business which was not reported on its income tax returns for those years. Such income was withheld in cash from the proceeds of sales, or "skimmed," and was divided among the owners of Italian Delight in accordance with their ownership interests. During each of the calendar years 1975 through 1981, Michael and Nicolina received income from skimming the sales proceeds of Italian Delight, which was *568 not reported in their individual income tax returns. In about 1979 or 1980, a Federal Grand Jury investigation of the activities of Italian Delight was undertaken. Both Michael and Fabi were summoned to appear before the grand jury and testified with regard to skimming operations which were taking place at Italian Delight. Both of them lied in their testimony to the grand jury. Thereafter, both Michael and Fabi were indicted under section 7201 and 18 U.S.C. section 2 (1982), for attempting to evade their income tax with respect to income from Italian Delight. Michael pleaded guilty to the indictment with respect to the year 1977; Fabi pleaded guilty to the indictment with respect to the year 1976. The remaining counts of the indictment were dropped. Respondent thereafter conducted an investigation of the income tax affairs of Italian Delight, Michael and (apparently) Fabi. As the result of that investigation, including interviews with Michael and Fabi, respondent determined that Italian Delight had unreported income for the years in issue as follows, resulting from the skimming operation: YEAR ENDED
UNREPORTED
JUNE 30
INCOME
1975
$41,600.00
1976
103,600.00
1977
114,700.00
1978
114,700.00
1979
114,700.00
1980
115,000.00
1981
114,700.00
1982
114,700.00
*569 Respondent determined that Italian Delight had a further $5,685 of unreported income from its operations in 1978 (no return having been filed for that year), and respondent further disallowed a claimed deduction of $2,028 for alleged travel expense in the year 1976, as well as a claimed deduction of $1,993 in the year 1977 for expense in connection with an apartment allegedly owned by Italian Delight. In the case of Michael and Nicolina, respondent then determined that they had received unreported income from the Italian Delight skimming operation for the calendar years as follows: YEAR ENDED
UNREPORTED
DEC. 31
INCOME
1975
$88,000.00
1976
114,700.00
1977
114,700.00
1978
114,700.00
1979
114,700.00
1980
115,000.00
1981
114,700.00
In addition, respondent disallowed all claimed itemized deductions and claimed losses by Michael and Nicolina for the years and in the amounts as follows: YEAR ENDED
ITEMIZED
CAPITAL
SEC. 1244
DEC. 31
DEDUCTIONS
LOSS
STOCK LOSS
1977
$4,446
1978
4,579
1979
7,067
1980
7,785
$3,000
$5,000
1981
7,980
3,000
Respondent further determined that all petitioners were liable for additions *570 to tax for fraud, under section 6653(b). Michael and Nicolina had the following expenses in the following years: ITEM
1978
1979
1980
1981
State and Local Income Tax
$2,167
2,206
2,165
2,165
Realty Taxes
958
General Sales Tax
339
328
257
299
Home Mortgage Interest
3,174
3,718
3,399
3,358
Credit Card Interest
27
Charitable Contributions
114
348
253
Bank Interest
Total
$6,779
$6,600
$6,742
$5,822
A part of the underpayment of tax of each petitioner for each year was due to fraud. OPINION The principal issue in these cases concerning the unreported income of Italian Delight and the individual petitioners is not a question of whether there was unreported income; rather, it is a question of how much. The fact that the sales receipts of Italian Delight were skimmed in each of the years in issue, and were not reported in the Italian Delight tax returns not the individual returns of Michael and Nicolina, was clearly established, and indeed, was admitted on the witness stand by Fabi, Michael and Nicolina. It was also clearly established, based on the testimony of these same witnesses, that they shared in the skimming in accordance *571 with their ownership interests in Italian Delight. Respondent, after a detailed investigation of the affairs of Italian Delight, determined the amount of unreported income in each year from unreported gross receipts, and set forth this computation clearly in his statutory notice of deficiency. Since Italian Delight had filed no return at all for its fiscal year 1978, respondent further made a determination of the total net taxable income for Italian Delight for that year. Respondent's determination, which was clearly not arbitrary or capricious on its face under the circumstances, was presumptively correct, and petitioners had the burden of proof to show error therein. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Except for the vague and self-serving testimony of Nicolina, Michael and Fabi -- that respondent's determinations of additional income for each year were too high -- there is not a scrap of evidence in this record to show any error in respondent's determination -- no books or records of any kind, no corroborative evidence of the witness' vague statements, *572 nothing. If any record of the amount of skimming was kept by petitioners, it was not produced at trial. If respondent's adjustments were not precise because petitioners had no books or records or failed to produce them, petitioners must suffer the consequences. Figueiredo v. Commissioner,54 T.C. 1508 (1970), affd. without opinion (9th Cir. 1973); Estate of Mason v. Commissioner,64 T.C. 651 (1975), affd. 566 F.2d 2 (6th Cir. 1977). The same statement holds true for the claimed Italian Delight deductions in 1976 and 1977. At trial, no reference at all was made to the travel expense item, and only a brief and unsatisfactory reference in Michael's testimony was made to alleged expenses of maintaining an appartment for employees of Italian Delight, who allegedly worked both there and elsewhere. Such evidence is clearly insufficient to carry petitioners' burden of proof on these issues; there was no evidence that Italian Delight owned such an apartment. It follows that respondent's determinations of unreported income in the case of Italian Delight must be sustained. With respect to Michael and Nicolina, however, a somewhat different *573 situation is presented. As in the case of Italian Delight, petitioners' evidence in the individual cases was totally insufficient, standing by itself, to show any error in respondent's determination of additional income as to them. The testimony of all three witnesses in this matter -- Michael, Nicolina and Fabi -- was vague, evasive and contradictory in many respects. [2] It was apparent from observing the witnesses on the stand that they would say anything which they thought would be to their advantage, and when unpleasant questions were asked, they had frequent lapses of memory. Other than this totally unsatisfactory testimony, there was nothing presented in this case by petitioners which did anything to carry their necessary burden of proof to show error in respondent's determinations of additional income as to them, except as to one matter. The evidence in this case was clear, and indeed espoused by both sides, that the skimming from Italian Delight was shared among the proprietors in accordance with *574 their ownership interests. We have found this as a fact, and we have further found that Michael's ownership interest in Italian Delight throughout the period was 50 percent. Consistent with respondent's determination of unreported income from skimming in the case of Italian Delight, therefore, it was appropriate and consistent for respondent to attribute half of such skimming proceeds to Michael in each year. This, however, respondent did not do. Instead, respondent attributed to Michael the entire amount which respondent determined to have been skimmed from Italian Delight in the latter's fiscal years 1977 through 1982, and attributed to Michael other, and somewhat lesser amounts, for the years 1975 and 1976. Furthermore, respondent apparently made no effort to adjust such amounts as between Italian Delight and Michael because of the difference in fiscal years which were involved. Although inconsistent statutory notices issued to different taxpayers do not lose their presumptive correctness in the normal case, such as where one such statutory notice is before us and the other is not, see Meyer v. Commissioner,46 T.C. 65 (1966), affd. in part, vacated and *575 remanded in part 383 F.2d 883 (8th Cir. 1966); Doggett v. Commissioner,66 T.C. 101 (1976), the situation is different where both inconsistent statutory notices are before us in the same case, such as this consolidated proceeding. Here we have both the ability and the duty to rationalize respondent's determinations, and correct any inconsistencies, to the end that the petitioners are not "whipsawed" or "doubled up," with the same income being improperly attributed to both. So far as Michael and Nicolina are concerned, therefore, we think that this record has established error on respondent's part in attributing to them more than one-half of the amounts skimmed from Italian Delight. Furthermore, in order to make a proper attribution of Michael's share of the unreported income from skimming, appropriate adjustment must be made between the fiscal years of Italian Delight and the calendar of Michael. In the following table, therefore, we show the amount of unreported skimming income from Italian Delight in accordance with respondent's determination, which we have upheld, adjusted in two respects: (a) by attributing the portion thereof in each of Italian *576 Delight's fiscal years to Michael's calendar year in which such portion falls; and (b) taking 50 percent of such amount as Michael's share, in accordance with the proof herein. Thus, for example, Michaelhs calendar year 1976 would contain the last half of Italian Delight's fiscal year ended June 30, 1976, and the first half of Italian Delight's fiscal year 1977. Such amounts, added together and divided by two, produce Michael's share of the unreported income for his calendar year 1976, in the amount of $54,575. Thus, as shown by the table below, we sustain respondent's determination with respect to the unreported income of Michael and Nicolina in the amounts as shown by the fourth column of the table; the balance of respondent's determination as to the unreported income received by Michael is disapproved. MICHAEL AND NICOLINA GIALANELLA 50% SHARE OF UNREPORTED CORPORATE RECEIPTS ADJUSTED TO CALENDAR YEAR BASIS Italian Delight
Unreported
Attributable
Gialanella
Fiscal year 6-30
Receipts
to Calendar
One-half
Year
Share
1975 (1/2 year)
$41,600      1975
$46,700
1976
103,600 (1/2)
1976
54,575
1977
114,700 (1/2)
1977
57,350
1978
114,700 (1/2)
1978
57,350
1979
114,700 (1/2)
1979
57,425
1980
115,700 (1/2)
1980
57,425
1981
114,700 (1/2)
1981
57,350
1982
114,700 (1/2)
*577 We turn now to the various claimed deductions which are in issue in the case of the individual petitioners. For the year 1977, no evidence at all was presented with respect to the claimed additional itemized deductions, and respondent's determination is accordingly upheld. With respect to the years 1978, 1979, 1980 and 1981, the evidence in this record supports the itemized deductions as shown in our findings of fact, and appear to be conceded by respondent; they are allowed accordingly. The remainder of the claimed deductions in petitioners' returns are disallowed for failure of proof. The claim of Michael and Nicolina for capital losses in the years 1980 and 1981, and on account of an alleged section 1244 stock loss in 1980 in the amount of $5,000 must likewise be disallowed. Michael and Nicolina both testified in the most vague and general terms that they had invested $5,000 in the stock of some organization known as the Groceria Italia, Inc., which was a small business corporation, and that they later loaned $20,000 to this organization. When the organization went broke, they testified, they lost all their money. There is nothing else in this record to show what the *578 Groceria Italia was, what interest Michael and Nicolina had in it, nor that they loaned any money to it which was not repaid. Respondent's disallowance of these claimed deductions is accordingly sustained on account of petitioners' failure of proof. The final issue in this case involves the correctness of respondent's determination that additions to tax for fraud, within the meaning of section 6653(b), are due from all petitioners. Section 6653(b) provides for the imposition of a 50 percent addition to tax if any part of any underpayment of tax is "due to fraud." Under this statute, fraud is established if it is shown by clear and convincing evidence that the taxpayer intended to evade taxes believed to be owing by conduct designed to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004-1005 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366, 377-378 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983). The burden *579 of showing fraud by clear and convincing evidence rests with respondent. Section 7454; Rule 142(b). Respondent has met his necessary burden of proof in this case. The evidence of fraud runs all through this case. Michael and Nicolina admitted that they skimmed unreported sales receipts from Italian Delight in every one of the years in issue, and that such amounts were reported neither in the corporate return nor in their individual returns to any extent. There is no innocent explanation for skimming. See Budrow v. Commissioner,T.C. Memo. 1983-434; Ball v. Commissioner,T.C. Memo. 1982-474; Yellow Cab and Car Rental Co. v. Commissioner,T.C. Memo. 1974-79. Other recognized badges of fraud which are present in this case are failing to report substantial amounts of income over a period of years, see Lollis v. Commissioner,595 F.2d 1189 (9th Cir. 1979), affg. T.C. Memo. 1976-15; lying before the grand jury and to the investigating agents, see Zack v. Commissioner,T.C. Memo. 1981-700; and failing to maintain adequate records of income, Nadell v. Commissioner,T.C. Memo. 1974-227. *580 Michael's actions, as half owner of Italian Delight and one of the principals in the skimming scheme, are equally attributable to Italian Delight, whose returns were likewise fraudulent. See Federbush v. Commissioner,34 T.C. 740 (1960), affd. 325 F.2d 1 (2d Cir. 1963). As the result of all the above, Decision under Rule 155 will be entered in docket No. 4568-84.
Decision will be entered for Respondent in docket No. 4569-84
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
2. Italian Delight's accountant and return preparer also testified, but since he was unaware of the skimming which had taken place, he could contribute nothing of value.↩