T.C. Memo. 1999-29

UNITED STATES TAX COURT

JOHN BOWDEN, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11148-95.              Filed February 1, 1999.

<u>David P. Leeper</u>, for petitioner.

<u>Gerald L. Brantley</u>, for respondent.

MEMORANDUM OPINION

DEAN, <u>Special Trial Judge</u>:  This case was assigned to
Special Trial Judge John F. Dean pursuant to sections 7430, 7443A
and Rules 180, 181, and 182[1] for the purpose of disposing of
petitioner's Motion for Litigation Costs pursuant to Rules 230

---

[1]All section references, unless otherwise noted, are to the
Internal Revenue Code.  All Rule references are to the Tax Court
Rules of Practice and Procedure.

through 233. Neither party requested a hearing. Rule 232(a). Accordingly, we rule on petitioner's motion for litigation costs on the basis of the parties' submissions and the record in this case. The underlying issues raised in the petition were settled, and the Court entered a stipulated decision. Upon petitioner's subsequent filing of the motion, the decision was vacated and set aside by order. It was decreed in this order that the stipulated decision document was to be filed as the Second Settlement Stipulation.

For taxable years ending June 30, 1992 and 1993, respondent determined deficiencies in John Bowden, Inc.'s Federal income taxes in the amounts of $8,539, and $5,195, respectively. John Bowden, Inc., was a Texas corporation with a principal place of business in El Paso, Texas, at the time the petition was filed.

## Background

John Bowden, Inc. (petitioner or corporation) was incorporated by John Bowden in June 1991 to perform services in the insurance industry. Prior to its incorporation, Mr. Bowden operated the business as a sole proprietorship, working under contract as a district manager for a group of insurance

companies[2] in the El Paso, Texas, area.  Pursuant to the
contract, Mr. Bowden recruited and trained insurance agents to
sell insurance exclusively for the insurance companies with which
he had contracted.  After incorporation of his business,
Mr. Bowden continued to perform substantially the same services
for the insurance companies that he had performed prior to
incorporation, but he worked as an employee of the corporation.[3]

Mr. Bowden served as the sole director of the corporation,
and his wife, Karol Bowden, served as secretary.[4]  The corporate
minutes reflect that B. Kent Straughan was appointed as corporate
accountant and was instructed to handle the tax preparation and
accounting requirements associated with the incorporation.
E.P. "Bud" Kirk was appointed as corporate attorney.

In a transaction to which section 351 is applicable,
Mr. Bowden transferred property to the corporation in 1991
consisting of $10,000 cash, an airplane with a zero basis, a Ford
van with a stated basis of $21,139, a computer system with a

_____

[2]The insurance companies are Farmers Insurance Exchange, Truck Insurance Exchange, Fire Insurance Exchange, Mid-Century Insurance Co., Farmers Texas County Mutual Insurance Co., and Farmers New World Life Insurance Co.

[3]Because Mr. Bowden no longer operated the business as a sole proprietorship, the insurance companies renewed their service contract with the corporation, with Mr. Bowden personally performing the services.

[4]The corporate minutes reflect that Karol Bowden served as temporary secretary for purposes of the corporate meetings.

stated basis of $97, office furniture and equipment with a stated basis of $241, and insurance premium renewals with a stated basis of $245,000.

In return, the corporation issued 1,000 shares of stock to Mr. Bowden. The corporation also assumed a $220,468 liability, evidenced by a note, that Mr. Bowden had incurred to acquire his ex-wife's community property interest in the sole proprietorship. Assumption of the debt by the corporation did not relieve Mr. Bowden of his primary liability on the note.

Upon incorporation, an account payable of $60,009 was created on the books of the corporation to pay cash to Mr. Bowden or pay other personal expenses on his behalf in the amounts of $15,768, $21,540, and $23,951, for calendar years 1991, 1992, and 1993, respectively.[5]

Respondent determined deficiencies in the Bowdens' Federal income taxes for 1991, 1992, and 1993. Respondent determined that in 1991 the Bowdens had recognized $280,477 in net capital gain upon incorporation of their business. This gain was calculated by characterizing as boot the $60,009 account payable

---

[5]Although the parties stipulate the yearly amounts paid to Mr. Bowden, the Court notes that the sum of these three payments exceeds the $60,009 account payable recorded on the books of the corporation. It is unclear to what source the additional funds paid to Mr. Bowden were attributable.

in cash and the $220,468 note payable assumed by the corporation for Mr. Bowden's liability to his ex-wife.

Respondent's notice of deficiency to the corporation for FYE June 30, 1992 and 1993, determined that expenses shown as management fees should be reclassified as officers' compensation. Respondent reduced the corporation's deductions for rent, depreciation, meals and entertaining, insurance, business promotions, and travel expenses on the basis that they were not ordinary and necessary business expenses. Respondent also made corresponding increases in the allowable deductions for salaries and auto expenses.

The corporation filed a petition with the Court, alleging error in each of the determinations contained in the notice of deficiency. Respondent filed an answer denying each allegation contained in the petition.

In response to a motion, the Court granted the corporation leave to amend its petition. In the amendment, the corporation alleged that respondent failed to make the required section 362(a) adjustment, which would increase the basis of assets held by the corporation by the amount of gain recognized by the Bowdens upon transfer of their assets to the corporation. The corporation further alleged that it was entitled to a refund. In his answer to the amendment, respondent admitted that if the Bowdens were to recognize a net capital gain by virtue of the

section 351 transaction, the corporation would be entitled to an upward basis adjustment in the property received in the transaction in the same amount as the gain recognized. The answer to amendment did not, however, specify the assets eligible for the basis adjustment or the amount of any such adjustment.

The corporation filed a motion for a more definite statement, requesting that respondent identify the assets as to which the corporation would receive a section 362(a) adjustment, in what proportion, and over what period of time that adjustment would be depreciable. The motion was granted in part, and respondent was ordered to file a statement indicating respondent's position as to the appropriate amount and allocation of the section 362(a) adjustment.

Respondent subsequently filed an amended answer to the corporation's amendment to petition, responding that the appropriate amount of the section 362 adjustment was either $280,477 or the actual amount of net capital gain ultimately recognized by the Bowdens on the transfer of assets to the corporation. Respondent also determined that the section 362 basis adjustment should be allocated to Mr. Bowden's rights under the contract with Farmer's Insurance Group. The Bowdens had stated the basis of this asset as $245,000 in their 1991 tax return, but respondent subsequently determined the basis to be zero.

This case was later settled, and it was stipulated that the corporation had made an overpayment in income tax of $4,377 for taxable year ending June 30, 1992, and had a deficiency in the amount of $199 for taxable year ending June 30, 1993. The corporation subsequently filed a motion for an award of reasonable litigation costs.

## Discussion

Taxpayers may be awarded an amount for reasonable litigation costs if they meet the requirements of section 7430. In order to qualify for such an award, a party must: (1) Qualify as a prevailing party; (2) have exhausted available administrative remedies; (3) not have unreasonably protracted the court proceeding; and (4) show that the costs claimed are reasonable litigation costs incurred in connection with the court proceeding. Sec. 7430(c)(4), (b)(1), (b)(4), (a)(2). The taxpayers have the burden of establishing that all the foregoing criteria have been satisfied. See Rule 232(e); Maggie Management Co. v. Commissioner, 108 T.C. 430 (1997).

Both petitioner and respondent agree that all the administrative remedies available within the Internal Revenue Service have been exhausted. There is some dispute, however, as to the other requirements of section 7430.

### Prevailing Party

To be a "prevailing party", a taxpayer must establish:

(1) The position of the United States was not substantially justified; (2) the taxpayer substantially prevailed with respect to either the amount in controversy or the most significant issue or set of issues presented; and (3) the taxpayer met the net worth requirements of 28 U.S.C. section 2412(d)(2)(B) (1994) at the time the petition was filed.  Sec. 7430(c)(4).

Respondent concedes that petitioner meets the net worth requirements and that petitioner substantially prevailed with respect to the amount in controversy.  Therefore, we need only examine the question of whether the Government's litigation position was substantially justified.  See Swanson v. Commissioner, 106 T.C. 76, 86 (1996).

Substantially Justified

Whether the Government's position was substantially justified turns on a finding of reasonableness, based upon all the facts and circumstances, as well as the legal precedents relating to the case.  Pierce v. Underwood, 487 U.S. 552, 565 (1988).  A position is substantially justified if the position is "justified to a degree that could satisfy a reasonable person." Id.  Determining the reasonableness of the Government's position and conduct requires considering what the Government knew at the time.  See Rutana v. Commissioner, 88 T.C. 1329, 1334 (1987); DeVenney v. Commissioner, 85 T.C. 927, 930 (1985).

In deciding this issue, we must identify the point at which the United States is first considered to have taken a position, and then decide whether the position taken was or was not substantially justified. The position taken by the United States, for purposes of litigation costs, is the position of the United States in the judicial proceeding. Sec. 7430(c)(7)(A). The first opportunity for the United States to take a position in the judicial proceeding is in the answer filed. See Huffman v. Commissioner, 978 F.2d 1139, 1148 (9th Cir. 1992), affg. in part, revg. in part T.C. Memo. 1991-144. Therefore, in deciding whether the Government's position was substantially justified, we must review the actions of the IRS District Counsel in answering the petition and the actions of the IRS Appeals officers who considered petitioner's case after the answer was filed.

When the answer was filed in this case, respondent denied that there was error contained in the notice of deficiency. Respondent denied error even though the notice of deficiency did not contain a section 362 basis adjustment. Respondent argues that no basis adjustment was allowed because the Government was caught in a potential whipsaw situation, and was trying to prevent the possibility that income could go untaxed. The Bowdens had filed a petition in their case, alleging that they should recognize no gain upon transfer of their assets to the corporation. Respondent contends the corporation was originally

not allowed a section 362 basis adjustment in order to protect the revenue should the Bowdens prevail on their issue.

In its motion, however, petitioner does not address whether respondent's position with respect to the adjustments contained in the notice of deficiency was substantially justified. Petitioner argues that because respondent failed to acknowledge the section 362 basis adjustment until the amended answer to the amendment to petition was filed, respondent's position was unreasonable and petitioner is entitled to litigation costs. We disagree. Petitioner does not explain, nor does the record suggest, how the section 362 basis adjustment relates to the deficiency amounts contained in the notice of deficiency. We therefore find that respondent's position regarding the basis adjustments to be irrelevant to petitioner's motion.

Even if we were to consider respondent's position with respect to the section 362 basis adjustments, we have recognized that the Government may, at times, take alternative or inconsistent positions with respect to different taxpayers. Rule 31(c); <u>Dixson Intl. Serv. Corp. v. Commissioner</u>, 94 T.C. 708, 717 (1990); <u>Barkley Co. v. Commissioner</u>, 89 T.C. 66, 68 (1987). There are limits, however, to the propriety of taking inconsistent positions. If a so-called inconsistent position has no possible chance of success, it has been held to be unreasonable. <u>Dixson Intl. Serv. Corp. v. Commissioner</u>, <u>supra</u>.

Petitioner has not shown that this is a situation where respondent's position had no possible chance of success at the time the position was taken. The Bowdens had alleged in their petition to the Court that they were not liable for any additional tax. Therefore, respondent's initial failure to state that the corporation was entitled to a section 362 basis adjustment was not unreasonable given the possibility that the Bowdens might prevail in their case. In the end, the Bowdens conceded gain recognition under section 357. Nevertheless, respondent's initial failure to compute a section 362 basis adjustment for the corporation was proper given the unknown ultimate outcome of the Bowdens' case.

Respondent filed an answer to the amended petition, and an amended answer to the amended petition. In those pleadings, respondent agreed that the corporation was entitled to the corresponding section 362 adjustment should the Bowdens recognize gain from the section 351 transaction. We find the Government's position reasonable given the facts and circumstances of this case.

The Court has previously indicated that it is preferable for the Government to clearly indicate that alternative positions are being taken and to state that there is no intention to tax the same income twice. See Dixson Intl. Serv. Corp. v. Commissioner, supra at 715; Doggett v. Commissioner, 66 T.C. 101, 104 (1976).

In some instances, an unexplained alternative and theoretically inconsistent position could be totally misleading and cause an unsophisticated taxpayer to spend needless time and effort trying to comprehend the Government's position. This case, however, does not present such a problem.

The issue of the Bowdens' gain from the section 351 transaction and the corresponding section 362 adjustments was the subject of much correspondence and discussion between respondent and petitioner. The Government's position was also outlined in the revenue agent's report disclosed to petitioner on September 5, 1995. The record reflects that the petitioner was familiar with the issues as well as with the Government's position on these issues from early on in the proceeding. Accordingly, we find that petitioner has not established that respondent's position was not substantially justified.

Because petitioner has not proven that respondent's position was not substantially justified, we need not decide whether petitioner's litigation costs are reasonable and whether petitioner unreasonably protracted the court proceedings. Petitioner's motion for litigation costs will be denied.

To reflect the foregoing,

<u>An appropriate Order</u>

<u>and Decision will be entered</u>.