T.C. Memo. 1999-109

UNITED STATES TAX COURT

W. GREGORY AND PATRICIA L. RYAN, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1274-96.                    Filed April 2, 1999.

Daniel P. McGlinn, Russell A. Kries, and Matthew S.
DePerno, for petitioners.

Alexandra E. Nicholaides, for respondent.

MEMORANDUM OPINION

DEAN, Special Trial Judge:  This matter is before the Court
on a Motion for Litigation Costs filed by W. Gregory Ryan and

Patricia L. Ryan, pursuant to section 7430 and Rule 231.[1]  The issues for decision are (1) whether petitioners should be awarded reasonable litigation costs pursuant to section 7430, and if so, (2) whether the amount of litigation costs requested by petitioners is reasonable, and (3) whether petitioners have unreasonably protracted the litigation.

At the time the petition was filed in this case, petitioners resided in Schofield, Wisconsin.

The underlying claim which gave rise to the present dispute involved the classification of certain payments made by Gregory Ryan (petitioner) to his former wife, Frances Ryan, pursuant to a Judgment of Divorce.  The Judgment of Divorce was granted by the Circuit Court for the County of Kalamazoo, Michigan (trial court), and provided for permanent alimony payable to Frances Ryan as follows:

> IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff, W. GREGORY RYAN, shall pay to the Defendant, FRANCES RYAN, for her support and maintenance, the sum of SEVEN HUNDRED ($700.00) DOLLARS per month, in advance, commencing January 5, 1990, for January, February, March and April of 1990, and commencing May 5, 1990, the sum of TWO HUNDRED FIFTY ($250.00) DOLLARS PER WEEK, and continuing thereafter until the death or substantial change in circumstances, or until further order of this Court having competent jurisdiction.  This alimony shall be paid through the Friend of the Court consistent with the provisions hereinafter found dealing with payment of support.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code.  All Rule references are to the Tax Court Rules of Practice and Procedure.

In 1991, petitioner appealed the Judgment of Divorce to the Michigan Court of Appeals (court of appeals) on the grounds that the alimony granted by the trial court was in excess of the alimony requested by Frances Ryan. In the divorce proceedings, Frances Ryan had asked for alimony for a term of 8 years, yet the Judgment of Divorce provided alimony until Frances Ryan's death or a substantial change in circumstances.

The court of appeals rendered a per curiam opinion dated May 8, 1991, finding that the trial court's alimony award was improper and remanded the matter to the trial court "for modification of the divorce judgment to reflect an alimony award of $250 a week for eight years."

Petitioner subsequently filed a motion for clarification with the court of appeals, which was dismissed because it was not timely filed. The trial court did not amend the Judgment of Divorce pursuant to the court of appeals' opinion.

Frances Ryan did not include payments from petitioner in 1991, 1992, and 1993 as income. Although she did not testify at trial, the record reflects that she treated the court of appeals' opinion as having specifically removed the termination-upon-death provision contained in the original Judgment of Divorce. Petitioner, on the other hand, treated the payments as though a termination upon death provision was still in effect and the payments were alimony for a term of 8 years.

Respondent determined a deficiency in petitioner's Federal income tax for 1991 in the amount of $4,030, and deficiencies in petitioners' Federal income taxes for 1992 and 1993 in the amounts of $3,954 and $4,019, respectively. Respondent determined that petitioner failed to establish that the $13,000 he paid during each of the taxable years 1991, 1992, and 1993 qualified for the alimony deduction under section 215.

This Court rendered <u>Ryan v. Commissioner</u>, T.C. Memo. 1998-331, deciding that the amounts paid by petitioner to his former wife were properly deductible as alimony. Petitioner now requests the Court to award him reasonable litigation costs in the amount of $24,409.

OPINION

In general, section 7430 allows a taxpayer who is a prevailing party in a civil tax proceeding to recover reasonable administrative and litigation costs incurred in such proceeding. An award of administrative or litigation costs may be made where the taxpayer: (1) Is the prevailing party; (2) exhausted available administrative remedies; and (3) did not unreasonably protract the administrative or judicial proceeding. See sec. 7430(a) and (b)(1), (4).

Prevailing Party

To be a "prevailing party", a taxpayer must[2] (1) establish that respondent's position was not substantially justified; (2) substantially prevail with respect to either the amount in controversy or the most significant issue or set of issues presented, and (3) meet the net worth requirements of 28 U.S.C. sec. 2412(d)(2)(B). See sec. 7430(c)(4)(A)(i), (ii), and (iii).

Respondent concedes that petitioners substantially prevailed with respect to the amount in controversy and the most significant issue involved in this case and met the net worth requirements. The parties dispute, however, whether respondent's position in the judicial proceeding was substantially justified. Specifically, petitioners make three arguments as to why respondent's position was not substantially justified: (1) Respondent took inconsistent positions with respect to petitioners and Frances Ryan, claiming that the payments made by petitioners were not alimony, but the payments received by

---

[2]In 1996, legislation was enacted which shifted to the Commissioner the burden of proving whether the position of the United States was substantially justified. See sec. 7430(c)(4)(B), as amended by the Taxpayer Bill of Rights 2 (TBOR 2), Pub. L. 104-168, sec. 701, 110 Stat. 1452, 1463 (1996). The changes made by this legislation apply only to proceedings commenced after July 30, 1996. TBOR 2 secs. 701(d), 702(b), 110 Stat. 1464. Since petitioners filed their petition on Jan. 22, 1996, the proceedings at issue were commenced before the effective date of TBOR 2, and the changes enacted by TBOR 2 are not applicable. See Maggie Management Co. v. Commissioner, 108 T.C. 430, 441 (1997).

Frances Ryan were alimony; (2) respondent took inconsistent positions by disallowing deductions claimed as alimony by petitioner in 1991, 1992, and 1993, while allowing those same deductions claimed in 1990 and 1994; and (3) respondent's position was not supported by facts and law.

Respondent asserts that it was reasonable to argue inconsistent positions against petitioner and Frances Ryan in order to protect the revenue, and that the failure to audit petitioner's prior or subsequent taxable years is irrelevant to a determination of the tax liability for the years at issue in this case. Furthermore, respondent argues that this case focused on the legal question of whether the subsequent State court order modified the alimony award in the original Judgment of Divorce by eliminating the termination-upon-death provision. Under these circumstances, respondent contends, the position of the United States was substantially justified.

We agree with respondent that taking inconsistent positions with respect to petitioner and Frances Ryan was reasonable. Inconsistent determinations may be made against the former spouses in order to protect the revenue in a "whipsaw" situation. See Doggett v. Commissioner, 66 T.C. 101, 103 (1976); Smith v. Commissioner, T.C. Memo. 1996-292. Unlike the case of Human v. Commissioner, T.C. Memo. 1998-65, inconsistent positions were

appropriate in this case because the facts and law did not make it clear that the payments were alimony.

We also agree with respondent that it is irrelevant whether petitioner took alimony deductions on his 1990 and 1994 returns. It is well settled that respondent may assert a position as in the instant case even though he raised no objection to similar claims by the taxpayer in prior years. See Yeaman v. United States, 584 F.2d 322, 326 (9th Cir. 1978); Rose v. Commissioner, 55 T.C. 28, 32 (1970); Meneguzzo v. Commissioner, 43 T.C. 824, 836 (1965). Even if the Commissioner erroneously accepted the tax treatment of certain items in previous years, he is not precluded from correcting that error in a subsequent year. See Hawkins v. Commissioner, 713 F.2d 347, 351-352 (8th Cir. 1983), affg. T.C. Memo. 1982-451. We focus, therefore, on whether respondent's position for the years in suit was supported by fact and law. See Pierce v. Underwood, 487 U.S. 552, 565 (1988).

For purposes of litigation costs in a judicial proceeding, the Government initially takes a position on the date the answer is filed. See Lockett v. Commissioner, T.C. Memo. 1994-144; Han v. Commissioner, T.C. Memo. 1993-386. Respondent filed an answer on August 6, 1996. Thus, we shall consider respondent's position as of this date in determining whether to award petitioner litigation costs. Respondent's position in the answer was the same as in the notice of deficiency; i.e., that petitioner's

deduction of the claimed alimony payments to Frances Ryan was disallowed.

In this case, respondent's position was based on the uncertainty associated with what effect, if any, the court of appeals' opinion had on the alimony provisions contained in the Judgment of Divorce. If the court of appeals' opinion eliminated the termination-upon-death provision contained in the Judgment of Divorce, the payments made by petitioner to Frances Ryan may not have qualified as alimony under State law, and may not have been deductible. If the court of appeals' opinion did not alter the termination-upon-death provision contained in the Judgment of Divorce, the payments would be considered alimony and would have been deductible under section 215. This was ultimately a matter of legal interpretation.

Under these circumstances, we find that respondent acted reasonably in raising the issue of what effect, if any, the court of appeals' opinion had on the alimony provisions contained in the Judgment of Divorce. The Judgment of Divorce had not been modified to reflect the changes mandated by the court of appeals' decision. The absence of a corrected Judgment of Divorce, coupled with Frances Ryan's position on her tax return, left the terms of the payment provisions open to interpretation. We addressed the effect of the court of appeals' opinion in Ryan v. Commissioner, supra, and ultimately rejected the position on this

issue taken by respondent in the notice of deficiency to petitioner. The position, however, was grounded in the uncertainty of the interpretation of the court of appeals' opinion.

In light of the conflicting positions taken by Frances Ryan and petitioner, and taking into consideration our decision in Ryan v. Commissioner, supra, we hold that respondent's position in the civil proceeding was reasonable in fact and law and thus substantially justified.

Consequently, petitioner is not a prevailing party as defined in section 7430(c)(4). As a result of this holding, we need not address the question of whether petitioner has satisfied the other requirements of section 7430. Petitioner is not entitled to an award for reasonable litigation costs.

To reflect the foregoing,

An appropriate order and decision will be entered.