T.C. Memo. 2000-186

UNITED STATES TAX COURT

VIRGINIA M. MARTEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

DAVID E. AND DONNA P. LANE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 3401-97, 16223-97.          Filed June 27, 2000.

<u>Woodford G. Rowland</u>, for petitioner in docket No. 3401-97.

<u>John E. Cassinat</u>, for petitioners in docket No. 16223-97.

<u>Christian A. Speck</u>, for respondent.


MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on
petitioners David E. and Donna P. Lane's (petitioners) motion for

costs and fees pursuant to section 7430 and Rule 231.[1]
Petitioners do not request a hearing on this matter, and we see
no reason for a hearing. See Rule 232(a)(2). Accordingly, we
rule on petitioners' motion on the basis of the parties'
submissions and the existing record. See Rule 232(a)(1). We
incorporate by reference portions of <u>Marten v. Commissioner</u>, T.C.
Memo. 1999-340 (Marten I), our opinion on the merits in the
instant case, that are relevant to the disposition of the motion
before us.

After concessions,[2] the issue for decision is whether
petitioners are a "prevailing party" in the underlying tax
case. Subsumed within this issue is the question of whether
respondent's position in the underlying tax case was
substantially justified.

Background

In 1953, David E. Lane (Mr. Lane) and Virginia M. Marten
(Ms. Marten) married. After legally separating in 1979, Mr. Lane
purchased a $750,000 life insurance policy on his own life and

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code as amended, and all Rule references are
to the Tax Court Rules of Practice and Procedure.

[2] In respondent's objection to petitioners' motion for
costs and fees, respondent concedes that: (1) Petitioners
substantially prevailed with respect to the amount in controversy
and to the most significant issue presented in the Court
proceeding, (2) petitioners have not unreasonably protracted the
litigation, and (3) petitioners exhausted their administrative
remedies available within the Internal Revenue Service.

named Ms. Marten the owner and beneficiary of the policy.  In Marten I, the issue was whether Mr. Lane's payments of the life insurance premiums were alimony includable by Ms. Marten in gross income and deductible by Mr. Lane.  We held that under section 71, before amendment by the Deficit Reduction Act of 1984 (DEFRA), Pub. L. 98-369, sec. 422(a), 98 Stat. 795 (pre-DEFRA section 71), the premium payments were alimony and includable in Ms. Marten's gross income and deductible by Mr. Lane.

Discussion

Section 7430 provides for the award of administrative and litigation costs to a taxpayer in an administrative or court proceeding brought against the United States involving the determination of any tax, interest, or penalty pursuant to the Internal Revenue Code.  An award of administrative or litigation costs may be made where the taxpayer (1) is the "prevailing party", (2) exhausted available administrative remedies,[3] (3) did not unreasonably protract the administrative or judicial proceeding, and (4) claimed reasonable administrative and litigation costs.  Sec. 7430(a), (b)(1), (3), and (c).  These requirements are conjunctive, and failure to satisfy any one will preclude an award of costs to petitioners.  See Minahan v. Commissioner, 88 T.C. 492, 497 (1987).

---

[3] This requirement applies only to litigation costs.  See sec. 7430(b)(1).

Prevailing Party

To be a "prevailing party" (1) the taxpayer must substantially prevail with respect to either the amount in controversy or the most significant issue or set of issues presented, and (2) at the time the petition in the case is filed, the taxpayer must meet the net worth requirements of 28 U.S.C. sec. 2412(d)(2)(B) (1994). Sec. 7430(c)(4)(A). A taxpayer, however, will not be treated as the prevailing party if the Commissioner establishes that his position was substantially justified. See sec. 7430(c)(4)(B).

Respondent contends that petitioners are not a prevailing party because his position was substantially justified.[4] Petitioners argue that respondent's position was not substantially justified because (1) respondent erroneously relied on section 71(b) after the amendments made by DEFRA (post-DEFRA section 71), to assess liability against petitioners, and (2) respondent took inconsistent positions against Ms. Marten and petitioners where respondent knew that only one petitioner could be liable for the deficiency.

---

[4] Respondent, alternatively, argues that petitioners have not proven that (1) they meet the net worth requirement of sec. 7430(c)(4)(A)(iii), and (2) all litigation costs and fees claimed were reasonable. Because we find that respondent's position was substantially justified, we need not reach respondent's alternative arguments.

At trial and in their posttrial briefs in Marten I, all parties, including petitioners, relied on post-DEFRA section 71. We held in Marten I that pre-DEFRA section 71 applied. On November 5, 1999, Ms. Marten filed a motion for reconsideration of our opinion in Marten I in which she argued that Marten I, pursuant to Q&A-26 of section 1.71-1T(e), Temporary Income Tax Regs., 49 Fed. Reg. 34458 (Aug. 31, 1984) (hereinafter Q&A-26), should have been decided under post-DEFRA section 71. Respondent filed a response to the motion for reconsideration in which respondent agreed with Ms. Marten. In an order dated April 20, 2000, we granted the motion for reconsideration and considered whether Q&A-26 dictated that post-DEFRA section 71 should apply. There was no definitive case law directly on point, and the legislative history behind DEFRA was not illuminating. We interpreted Q&A-26 in light of the effective date language in DEFRA and decided that, under Q&A-26 and DEFRA itself, pre-DEFRA section 71 applied to the instant case. Given the difficulty of the issue and lack of case law on point, respondent was substantially justified in taking the position, as petitioners did in Marten I, that post-DEFRA section 71 applied.

Petitioners also complain that respondent took inconsistent positions in regards to petitioners and Ms. Marten and thus could not have been substantially justified. We have held that the Commissioner is entitled to take inconsistent positions against

former spouses in the alimony context.  See <u>Doggett v.</u>
<u>Commissioner</u>, 66 T.C. 101, 103 (1976); <u>Ryan v. Commissioner</u>, T.C.
Memo. 1999-109; see also <u>Maggie Management Co. v. Commissioner</u>,
108 T.C. 430, 446 (1997); <u>Sherbo v. Commissioner</u>, T.C. Memo.
1999-367.  In the present case, respondent was in a classic
"whipsaw" situation because petitioners deducted the premium
payments as alimony, and Ms. Marten failed to include the premium
payments in income.  In such a case, the Commissioner is
substantially justified in taking inconsistent positions to
protect the revenue.  We therefore conclude that petitioners are
not a prevailing party within the meaning of section 7430.

Accordingly, we hold that petitioners are not entitled to an
award of administrative or litigation costs.

To reflect the foregoing,

<u>An appropriate order</u>
<u>will be issued denying the</u>
<u>motion for costs, and</u>
<u>decisions will be entered.</u>