JULIUS E. HOEME AND NORMA R. HOEME, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 110-74.    Filed October 15, 1974.

*Philip J. Erbacher,* for the petitioners.
*Edward G. Lavery* and *Thomas E. Bulleit,* for the respondent.

### OPINION

DAWSON, *Judge:* On July 19, 1974, petitioners filed a motion for a summary judgment or, alternatively, for a partial summary judgment under Rule 121, Tax Court Rules of Practice and Procedure. On August 30, 1974, respondent filed a memorandum brief opposing petitioners' motion, and on September 11, 1974, petitioners filed a memorandum brief in reply to respondent.

The issue raised by the pleadings in this case is whether petitioner Norma R. Hoeme must include in her income under section 71(a)(1), I.R.C. 1954,[1] certain payments she received in 1970 and 1971 from her former husband, Ronald O. Stonestreet, whom she divorced in August 1969.

The divorce suit was captioned *Norma Stonestreet v. Ronald O. Stonestreet,* docket No. 10,305, and was filed in the District

---

[1] All statutory references herein are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

Court of Pratt County, Kans. Shortly before the divorce was granted, the parties entered into a written agreement entitled "Property Settlement Agreement," which is dated August 21, 1969, and which was incorporated into the decree of divorce. Copies of the agreement and the decree of divorce are attached to the petition filed herein. The agreement at page 4 and the decree of divorce at page 2 each require Ronald to pay Norma $2,500 immediately, $200 per month for 30 months commencing September 1, 1969, and then after the 30 months $150 per month until the sum of the payments equals $25,000. Thus the agreement and the decree require payments of $200 per month from September 1969 through February 1972, and $150 per month from March 1972 through April 1981. Since the payments are to extend over a period of 11 years and 8 months, they are "periodic." See sec. 71(c)(2). Ronald did in fact make the payments specified for the years in issue. Such payments totaled $2,400 each year.

In their memorandum brief filed July 19, 1974, petitioners argue that these payments are not includable in their income under section 71. They apparently concede that the conditions of that section are met with one exception. The contested condition is explained in section 1.71-1(b)(4), Income Tax Regs., as follows:

Section 71(a) applies only to payments made because of the family or marital relationship in recognition of the general obligation to support which is made specific by the decree, instrument, or agreement. * * *

Petitioners argue that the payments constituted a property settlement rather than alimony or support. If they are correct, then the payments are not deductible by Ronald under section 215. Although respondent has determined that the payments are taxable to petitioners in this case, he has also taken an inconsistent and alternative position in the related case of *Ronald O. Stonestreet,* docket No. 2737-74,[2] by determining therein that the payments are not deductible by Ronald. In his memorandum brief with respect to petitioners' motion, respondent is not taking a position as to which determination is correct. His purpose is to show that the cases present a genuine issue of material fact and to urge that the petitioners are not entitled to summary judgment

---

[2] The instant case was consolidated with the *Stonestreet* case by this Court's order dated Aug. 7, 1974.

under Rule 121, Tax Court Rules of Practice and Procedure. In his view the issue should only be resolved after a trial on the merits, at which time respondent has indicated that he will take a position as to which determination is correct.

While we recognize that each case must stand on its own facts, it would be unusual to find a case involving the issue presented herein which is susceptible of disposition by summary judgment. Such cases typically involve a genuine and material factual issue as to the intent of the parties. See 6 Moore, Federal Practice, par. 56.15[3] (2d ed. 1948). Consequently, it has been held, on the particular facts presented, that the District Court erred in disposing of this same issue by summary judgment. See *Phinney v. Mauk,* 411 F. 2d 1196 (C.A. 5, 1969); *United States v. Mills,* 372 F. 2d 693 (C.A. 10, 1966). We agree with both Courts of Appeals. We think it would also be erroneous for us to grant petitioners' motion for summary judgment in this case. We will therefore deny it.

We observe that the granting of a motion for summary judgment is the exception in Federal practice. The existence of any reasonable doubt as to the facts at issue must result in the denial of the motion. 6 Moore, Federal Practice, par. 56.02[10], p. 2045 (2d ed. 1948). See also *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962), where the Supreme Court said:

On summary judgment the inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion. * * *

The value of a trial with full opportunity to observe the parties and their evidence is obvious. This is especially so where the question of intent is present. *Firemen's Mut. Ins. Co. v. Aponaug Mfg. Co.,* 149 F. 2d 359 (C.A. 5, 1945).

Alternatively, petitioners have moved for a partial summary judgment. Their purpose is to have the Court shift the burden of proof to the respondent because he has taken inconsistent and alternative positions in this case and in the *Stonestreet* case. It is argued that respondent's determination in this case is without rational factual or legal basis and is not presumptively correct. The argument is without merit. The law is otherwise. See *Leon R. Meyer,* 46 T.C. 65, 82-83 (1966), affirmed on this issue 383 F. 2d 883 (C.A. 8, 1967); *Estate of Goodall v. Commissioner,* 391 F. 2d 775, 781-784 (C.A. 8, 1968), certiorari denied 393 U.S. 829 (1968); *Brantley L. Watkins,* 53 T.C. 349, 358-359 (1969); *M.*

*Lucile Harrison,* 59 T.C. 578, 592 (1973); *Nat Harrison Associates, Inc.,* 42 T.C. 601, 617 (1964).

Petitioners are also not entitled to a partial summary judgment for another reason. The Note to Rule 121 states that the summary judgment procedure is adapted from rule 56(a) and (b), Federal Rules of Civil Procedure. Rule 56 contemplates a summary judgment for a part or all of the claim made in the prayer for relief in the complaint; it does not contemplate a summary judgment on evidentiary matters en route to that relief. 6 Moore, Federal Practice, par. 56.20[3.-2], p. 2751 (2d ed. 1948). Since petitioners' motion for partial summary judgment concerns the shifting of the burden of proof, it seems to fall within the ambit of the rule prohibiting summary judgments on evidentiary matters. Accordingly, we conclude that the motion for partial summary judgment must be denied.

*An appropriate order will be entered.*

