DONALD R. HUENE AND ANNETTE S. HUENE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Huene v. Commissioner
Docket No. 29314-83.
United States Tax Court
T.C. Memo 1984-564; 1984 Tax Ct. Memo LEXIS 114; 48 T.C.M. (CCH) 1459; T.C.M. (RIA) 84564; October 18, 1984. *114 R issued a notice of deficiency to Ps determining therein a 1978 income tax deficiency of $171,203.00. When R mailed a computer generated Form 872A, Special Consent to Extend Time to Assess and Collect Tax, Ps altered the Form on their own computer, labelling it 872M, so that the Form Ps signed and returned to R looked for all intents and purposes identical to the one R sent. Ps, however, excised the phrase; * * * except that if a notice of deficiency is sent to the taxpayer(s), the time for assessing the tax for the period(s) stated in the notice of deficiency will end 60 days after the period during which the making of an assessment is prohibited. * * * and inserted the following: * * * However, when a notice of deficiency is sent to the taxpayer(s), the total amount of deficiency that can be assessed or collected from taxpayer(s) shall be the amount of the determined deficiency or the sum of fifty dollars, whichever is the lesser amount. * * * Ps initialled the top of the paragraph in which the alteration appeared. Held, because genuine issues remain respecting material facts relative to Ps' intentions to mislead R and lull R into signing the Form, as well *115 as with respect to whether R was put on notice of the alteration by Ps' initials on the Form, Ps' Motion for Summary Judgment is denied. Donald R. Huene and Annette S. Huene, pro se. Bryce A. Kranzthor and Joseph T. Chalhoub, for the respondent. DAWSON MEMORANDUM OPINION DAWSON, Chief Judge: Petitioners' Motion for Summary Judgment was assigned to Special Trial Judge Francis J. Cantrel for hearing, consideration and ruling thereon. [1] After a review of the record, we agree with and adopt his opinion, which is set forth below. *116 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on petitioners' Motion for Summary Judgment, filed on May 17, 1984, pursuant to Rule 121(a), Tax Court Rules of Practice and Procedure.[2]
Respondent, in his notice of deficiency issued to petitioners on September 21, 1983, determined a deficiency in petitioners' Federal income tax for the taxable year ending December 31, 1978 in the amount of $171,203.00. This was primarily based on disallowance of various partnership losses and investment tax credits; on the inclusion in income of gain derived from disposition of properties by partnerships in which petitioners are partners; and on disallowance of certain claimed educational expense deductions. The issue for decision derives from a special consent to extend the time to assess tax, Form 872A, which respondent sent to petitioners for signature in December 1981. Although the record is not completely clear on this point, it appears that petitioner-husband typed on his own computer printer (a Vydec 1200 word processor with a Daisy wheel *117 printer) an entirely new consent form they labelled Form 872M, which they stated meant "modified". This Form very nearly resembled the Form 872A respondent had sent petitioners because the type face and format were similar or identical to those on the Form 872A. Petitioners, however, made a change in the text. They excised the phrase: * * * except that if a notice of deficiency is sent to the taxpayer(s), the time for assessing the tax for the period(s) stated in the notice of deficiency will end 60 days after the period during which the making of an assessment is prohibited. * * * In its stead, petitioners inserted the following: * * * However, when a notice of deficiency is sent to the taxpayer(s), the total amount of deficiency that can be assessed or collected from taxpayer(s) shall be the amount of the determined deficiency or the sum of fifty dollars, whichever is the lesser amount. * * * Petitioners initialled the paragraph in which the above change appeared (but five lines above the actual alteration), signed the Form on January 4, 1982 and sent it to the Internal Revenue Service. The Form was received on January 7, 1982 by the Audit Division of the District Director *118 at San Francisco, California. At this time Kathryn Koehler was Chief, Examination Support Staff, Internal Revenue Service, San Francisco. It was her responsibility on behalf of respondent to execute consents to extend the statute of limitations. On January 15, 1982 she signed the form petitioners had sent, unaware that it was not the Form 872A which the Internal Revenue Service had mailed to the petitioners. Had she known that the form had been altered as it was, she would not have signed it. On September 21, 1983, respondent mailed to petitioners a notice of deficiency for the tax year 1978. Petitioners timely filed their petition with this Court on October 14, 1983, and subsequently moved for summary judgment claiming that no genuine issue of material fact exists, and that they are entitled to a judgment as a matter of law to the effect that either (1) the consent form signed by respondent is valid and limits petitioners' tax liability to $50.00 or (2) if the consent form is invalid, then respondent's notice of deficiency was not timely because it was mailed after the expiration of the 3-year limitation period, which ended on April 15, 1982. Respondent argues in *119 substance that the form Ms. Koehler signed was completely invalid due to the changes petitioners made, but that petitioners should be estopped from asserting the statute of limitations because they made the changes intending to deceive respondent. Respondent asserts that a triable issue remains as to petitioners' intent to mislead him when they sent the altered consent form. For the reasons stated below, we agree with respondent. Normally parties should have the opportunity for a full trial, which also allows the trier of fact to observe the parties and their evidence. Oakland Hills Country Club v. Commissioner,74 T.C. 35, 40 (1980); Hoeme v. Commissioner,63 T.C. 18, 20 (1974); Smith v. Commissioner,T.C. Memo, 1983-706. This is particularly significant where a question of intent is present. Oakland Hills Country Club v. Commissioner,supra;Hoeme v. Commissioner,supra.
Summary judgment will be granted under Rule 121 only if the pleadings, affidavits and other materials, if any, submitted to the Court show that no genuine issue of material fact exists and that a decision *120 may be rendered as a matter of law. The burden of proving there is no genuine issue of material fact is on the moving party, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Jacklin v. Commissioner,79 T.C. 340, 344 (1982); Espinoza v. Commissioner,78 T.C. 412, 416 (1982). The opposing parties need not come forth with affidavits or other documentary evidence unless the moving party makes a prima facie showing of the absence of a factual issue. Abramo v. Commissioner,78 T.C. 154, 163-164 (1982); Shiosaki v. Commissioner,61 T.C. 861, 864 (1974). This Court recently set forth the circumstances under which equitable estoppel would apply. According to Piarulle v. Commissioner,80 T.C. 1035, 1044 (1983), petitioners may be estopped from asserting the statute of limitations if four requirements are shown: (1) there must be false representation or wrongful misleading silence; (2) the error must originate in a statement of fact, not in opinion or a statement of law; (3) the one claiming the benefits of estoppel must not know the true facts; and *121 (4) that same person must be adversely affected by the acts or statements of the one against whom an estoppel is claimed. [Lignos v. United States,439 F.2d 1365, 1368 (2d Cir. 1971).] These are factual inquiries, and petitioners must make an affirmative showing by producing evidence sufficient to render reasonable a conclusion that there are no genuine issues of material fact relative to the above requirements. Section 6501(a) [3] provides as a general rule that income taxes shall be assessed within 3 years after a return is filed. Section 6501(c)(4) allows for an extension of that period by written consent of the parties. The purpose of a consent is to allow the Internal Revenue Service an extended period in which to assess the tax. The consent itself is not a contract but a voluntary unilateral waiver of a defense by petitioner. Signature by the Internal Revenue Service does not turn the waiver into a contract. Florsheim Bros. Dry Goods, Co. v. United States,280 U.S. 453 (1930); Stange v. United States,282 U.S. 270 (1931). *122 Here, the executed consent form on its face (i.e., the altered form) extends the limitation period until notice of termination by either party or until the Internal Revenue Service issues a notice of deficiency. The form also purports to limit petitioners' liability to $50.00. [4]
The issue to be decided then is whether the form signed by both parties is valid to limit petitioners' tax liability as well as to extend the limitation period or whether the alteration in the form makes *123 invalid the entire consent or merely is ineffective to the consent because the alteration is one not pertaining to the extension of the limitations period. We find that a triable issue of fact remains with respect to petitioners' intent in inserting the tax liability limitation, such that the issue must be adjudicated at trial. Petitioners rely on Schenk v. Commissioner,T.C. Memo. 1976-363, where a petitioner had altered the special consent Form 872A by changing the 90-day period of limitation to no period at all for making an assessment after notice of termination by petitioner.After a trial the Court held for petitioner on the particular facts of the case. The Court stated, however, that the result would have been otherwise had petitioner in fact tried to mislead the Internal Revenue Service and if the Internal Revenue Service had properly pleaded estoppel. Respondent, also relying on Schenk v. Commissioner,supra, and on Cary v. Commissioner,48 T.C. 754 (1967), argues that petitioners intended to and did mislead the Commissioner by submitting their own "Form 872M" in a computer generated typewritten form similar or identical *124 to the Form 872A respondent had sent them. [5] In Cary, petitioner knowingly signed and returned a Form 872 on which respondent had mistakenly inserted an obviously wrong date as the tax year at issue and no date at all for the extension. Respondent altered the consent to reflect the correct dates when it was returned to him. The Court held that this form was not effective to extend the limitations period because the Internal Revenue Service was not misled by petitioner's action in signing what he knew contained material errors. In the present case, petitioners' intentions remain unclear. On the one hand, they submitted their own computer-generated form which looked almost identical to the original Form 872A. On the other hand, they initialled the paragraph that they had changed and marked it 872M rather than 872A at the top of the page. Petitioner-husband also stated at the motions hearing at Washington, D.C. on August 8, 1984 that he had not expected the Internal Revenue Service to sign the consent form he returned. Indeed, where a deficiency *125 of $171,203.00 is asserted, no prudent person would have knowingly signed the altered form. It is beyond belief that Ms. Koehler would have signed the Form 872M had she seen the alteration. Moreover at the time she did sign it, she had more than three months to issue a notice of deficiency or to request that petitioners sign another unaltered Form 872A. The record in this case contains a copy of the consent Form 872M that petitioners sent to respondent, signed by both parties, and affidavits from respondent's representatives as well as from petitioner-husband. The record, however, leaves material factual gaps which must be proved so that a trier of fact can determine whether the executed consent form will be deemed valid to extend the limitations period and/or to limitpetitioners' tax liability. The trier of fact must also determine whether respondent was put on notice by the initials on the first page of the consent letter indicating a change had been made in the text. If this was the case, then respondent cannot claim to have been misled by petitioners, and his estoppel argument will fall. We find it appropriate and necessary to state at this point that respondent *126 did not fully use the procedures provided in Rule 121(d) and (e). Looking at all the facts in the light most favorable to the nonmoving party, however, petitioners have not established that no genuine issues of material fact exist. [6] Thus, in accord with our views expressed herein, petitioners' motion will be denied. *127 An appropriate order will be issued.
Footnotes
1. This case was assigned pursuant to Delegation Order No. 8 of this Court, 81 T.C. XXV (1983).↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. All section references are to the Internal Revenue Code of 1954, as amended.↩
4. Where an extension of the limitation period is agreed to only under certain conditions, such as here limiting the tax to be assessed, and the conditions are specified in the consent form, the effect of the consent may be restricted to those conditions. See, e.g., Sneed v. Commissioner,30 BTA 1121 (1934); Ravin v. Commissioner,T.C. Memo. 1981-107. The conditions must be accepted by the Internal Revenue Service, however, in order for the consent to be valid. See Schenk v. Commissioner,T.C. Memo. 1976-363↩. This leads back to the factual inquiry that must be made relative to petitioners' intent to deceive the Internal Revenue Service.
5. We note that respondent did not submit with his evidence an actual Form 872A of the type sent to petitioners.↩
6. Summary judgment cannot be granted on the basis of statements of fact in the moving party's brief even though they are uncontroverted by an opponent. Nor can the motion be defeated by factual assertions in a brief of the party opposing it, inasmuch as documents of this character are self-serving and are not probative evidence of the existence or nonexistence of any factual issues. C. Wright, A. Miller & M. Kane, 10A Federal Practice and Procedure: Civil, sec. 2723 (2d ed. 1983). The same rationale would apply to statements of fact contained in a motion or objection. We believe that the purpose of a motion, objection or brief is to highlight the areas where the party seeks to establish that there is or is not a genuine issue of material fact. A motion, objection or brief filed in a summary judgment action is not intended to present specific facts from which the Court may grant or deny a motion for summary judgment. See Smith v. Commissioner,T.C. Memo. 1983-706↩, n. 14.