RANDALL K. GROSSE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grosse v. Commissioner
Docket No. 34872-84.
United States Tax Court
T.C. Memo 1986-18; 1986 Tax Ct. Memo LEXIS 590; 51 T.C.M. (CCH) 282; T.C.M. (RIA) 86018; January 14, 1986. Randall K. Grosse, pro se. Ronald T. Jordan, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: This case is before the Court on respondent's motion for summary judgment pursuant to Rule 121 [1] and respondent's motion for an award of damages under section 6673. *591 Respondent issued a notice of deficiency to petitioner on July 12, 1984. In the notice of deficiency, respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1981 in the amount of $4,312.30 and imposed additions to tax under the provisions of section 6651, section 6653(a)(1), and section 6653(a)(2) in the respective amounts of $349.99, $215.62, and 50 percent of the interest due on the $4,312.30 determined deficiency in tax. In his petition filed with this Court, petitioner relates only general (and frivolous) allegations such as he (referring to himself as "the Sovereign") is a "natural person" and is not a "person" within the purview of section 61, that the income tax is a direct tax which respondent would impose upon him contrary to the provisions of Article I of the U.S. Constitution, that the 16th Amendment to the Constitution is not applicable to him, and other tax protester diatribe of like ilk which need not be dignified by repeating here. No error is assigned nor facts in support of such error in the petition which addresses the issues of the notice of deficiency. See Rules 34(b)(4) and (5). Respondent filed his motion for summary *592 judgment and motion for award of damages on September 23, 1985. Petitioner was served with a copy of each of these motions. By order dated October 22, 1985, petitioner was allowed 30 days to respond to these motions. On November 22, 1985, petitioner requested an extension of time to file his response to respondent's motions, which was granted, and on December 18, 1985, petitioner timely filed his objection to the motions. Petitioner's objection, like his petition, contains only tax protester jargon and arguments, repetitious of his petition except that his petition was only 14 pages long, whereas his objection was extended to (sans exhibits) 25 garrulous pages of ludicrous, irrelevant and frivolous tax protester gibberish. Motion for Summary Judgment
A decision will be rendered on a motion for summary judgment if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b). A fact is material if it "tends to resolve any of the issues which have been properly raised *593 by the parties." C. Wright, A. Miller & M. Kane, 10A Federal Practice and Procedure: Civil, sec. 2725 (2d ed. 1983). [2] Our rules require that the petition contain clear and concise assignments of each error which petitioner alleges to have been committed by respondent. Rule 34(b)(4); Jarvis v. Commissioner,78 T.C. 646, 658 (1982). Any issue not raised in the assignments of error shall be deemed conceded. Rule 34(b)(4); Jarvis v. Commissioner,supra at 658. Here, petitioner has not raised any justiciable facts or issues. The language of petitioner's alleged assignments of error and "facts" supporting such assignments are worn-out tax protester assertions *594 which are overly familiar to us. This Court and other courts have repeatedly and consistently rejected petitioner's inanimate arguments as meritless and frivolous. See, e.g., Abrams v. Commissioner,82 T.C. 403, 405 (1984); Rowlee v. Commissioner,80 T.C. 1111, 1119-1122 (1983). Consequently, we find that there is no genuine issue of material fact, and respondent is entitled to summary judgment as a matter of law. [3]
Motion for Damages
Section 6673 provides, in pertinent part: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. * * * Here, petitioner in his petition and in his response to respondent's motion for summary judgment raises *595 only worn-out meritless arguments. His failure to respond meaningfully to respondent's motion for summary judgment coupled with his clearly frivolous petition convinces us that petitioner's primary purpose was not to utilize this Court as a forum to litigate a genuine tax controversy but only to express his dissatisfaction with the Federal income tax system and to delay the payment of his Federal tax obligations, the common thread of all such tax protester abuses of the process of this Court. Consequently, upon a review of this record, we find that this proceeding was instituted and maintained primarily for delay and that petitioner's position in this proceeding was frivolous and groundless. We accordingly award damages to the United States in the amount of $3,500.00. To reflect the foregoing, An appropriate order and decision will be entered.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year in issue.↩
2. Summary judgment under Rule 121 is derived from rule 56, Federal Rules of Civil Procedure. Hence, in any question turning on the interpretation of Rule 121, the history of rule 56, Fed. R. Civ. P., and the authorities interpreting such rule are considered by the Tax Court. See Hoeme v. Commissioner,63 T.C. 18, 21 (1974); Shiosaki v. Commissioner,61 T.C. 861, 862↩ (1974).
3. We note that this petition did not state a claim upon which relief could be granted and could have been dismissed by an appropriate motion under Rule 40. See Young v. Commissioner,T.C. Memo. 1983-65↩.