CAROLE L. NASON a/k/a CAROLE L. BALES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nason v. Commissioner
Docket No. 10796-77.
United States Tax Court
T.C. Memo 1986-297; 1986 Tax Ct. Memo LEXIS 310; 51 T.C.M. (CCH) 1455; T.C.M. (RIA) 86297; July 21, 1986. Arnold Ostwald, for the petitioner. Harvey S. Sander, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: This case is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[1]
Respondent determined that Carole L. Nason, a/k/a Carole L. Bales (petitioner herein) is liable in the amount of $37,836.75, plus interest as provided by law, as transferee and beneficiary of property of the estate of Davis Bales, deceased. Some of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner was a resident of Jackson Heights, New York, when she filed her petition in this case. Petitioner and Davis Bales *313 (decedent) were not formally married, but they lived together as husband and wife from 1956 until decedent's death in 1973. When decedent died on November 6, 1973, his estate included a one-half ownership interest in City Buick, Inc. In accordance with his will, petitioner was to receive one-half of the estate and Davis Bales, Jr., son of the decedent, was to receive the other half. On December 11, 1973, Peter Vallone was named as executor under decedent's will. Petitioner and Davis Bales, Jr. subsequently filed objections to the accounting of the executor in the Queens County Surrogate Court, claiming that Mr. Vallone had been negligent in failing to properly discharge his duties with regard to the estate. On December 18, 1979, petitioner's attorney requested the Queens County Surrogate Court to grant an adjournment so that he could have adequate time to prepare himself for trial. The Surrogate Court denied the request and a default decree was ultimately entered against petitioner. As of the date of trial, she has been unsuccessful in her appeal of the default decree. The decedent's interest in the Buick dealership was valued at $11,000 on the Federal estate tax return filed *314 by the estate. Respondent determined, however, that the fair market value of the estate's interest in City Buick, Inc., as of May 6, 1974, the alternate valuation date, was $401,840. Respondent's notice of deficiency indicates that the executor elected to value the estate as of the alternate valuation date pursuant to section 2032. [2] As a result of respondent's determination that the decedent's 50 percent ownership interest in City Buick, Inc. had been understated, an estate tax of $109,172.35 was assessed against the estate. The executor did not file a petition in this Court in response to the statutory notice of deficiency and the estate tax deficiency was timely assessed. Petitioner was the beneficiary under a life insurance policy on the life of decedent. On January 23, 1974, petitioner received $37,836.75, consisting of the policy's face value of $45,000 less funeral expenses of $7,163.25. The decedent's estate filed a Federal estate tax return in which the full face value of the policy was included in the gross estate pursuant *315 to section 2042. The only asset received by petitioner as legatee under the decedent's will was the proceeds of this insurance policy. The estate was rendered insolvent upon the transfer of the insurance proceeds to petitioner. Respondent argues in his motion for summary judgment that, as a result of the transfer of the insurance proceeds, petitioner became a "transferee" within the meaning of section 6901 [3] and, as such, became liable for the deficiency in estate tax to the extent of the value of the asset she received. Section 6901(h) *316 defines a "transferee" to include "any person who, under section 6324(a)(2), is personally liable for any part of such tax." Section 6324(a)(2) provides, in pertinent part, as follows: (2) LIABILITY OF TRANSFEREES AND OTHERS. -- If the estate tax imposed by chapter 11 is not paid when due, then the spouse, transferee * * * or beneficiary, who receives, or has on the date of the decedent's death, property included in the gross estate under sections 2034 to 2042, inclusive, to the extent of the value, at the time of the decedent's death, of such property, shall be personally liable for such tax. * * * Thus, section 6324(a)(2) imposes personal liability on a transferee to the extent that she receives property includable in the decedent's gross estate under sections 2034 to 2042, inclusive. Petitioner concedes that she was the beneficiary of the life insurance policy the face value of which was properly included in the decedent's gross estate pursuant to section 2042. Respondent argues that this Court should grant his motion for summary judgment because, he asserts, there is no dispute as to the material facts necessary for a finding of transferee liability. If transferee liability *317 is predicated on section 6324(a)(2), respondent must show that (1) the estate tax was not paid when due, and (2) the transferee received property included in the gross estate under sections 2034 to 2042. See Groetzinger v. Commissioner,69 T.C. 309, 316 (1977); Schuster v. Commissioner,312 F.2d 311, 315 (9th Cir. 1962), affg. 32 T.C. 998 (1959). Here the parties have stipulated that the estate tax was assessed against the estate in a timely manner and that no payment of the estate tax deficiency has been made to date. Further petitioner admits that she received the insurance proceeds and that such proceeds were properly included in the decedent's gross estate. Thus, the only issue presented is whether the transferee is foreclosed by a motion for summary judgment from showing that the transferor (the estate) is not liable for all or part of the tax. The transferor's liability for the estate tax deficiency turns primarily on the value assigned to the estate's ownership interest in the City Buick, Inc. stock. It is well settled that the determination of value is essentially a question of fact to be decided upon the consideration of *318 all the relevant evidence. McGuire v. Commissioner,44 T.C. 801 (1965). We think petitioner, as transferee, has the right under section 6902(a) [4] to show that the transferor was not liable for all or part of the estate tax deficiency previously determined and assessed. Of course, petitioner has the burden of proving that the determination of the estate tax deficiency was erroneous. In his motion for summary judgment, respondent places great weight on petitioner's answer to a particular interrogatory served on July 23, 1980. In the twelfth interrogatory, petitioner responded in the negative when asked if she thought that the 50 percent interest of Davis Bales in City Buick, Inc. had a value of less than $401,840 as of May 6, 1974. Respondent computed the estate tax for the decedent's estate using the value of $401,840. Despite respondent's reliance on petitioner's answer *319 to the twelfth interrogatory, we think the value of the City Buick, Inc. stock as of May 6, 1974 involves a genuine issue of material fact. According to Rule 71, any party may, without leave of Court, serve upon any other party written interrogatories to be answered by the party served. Under Rule 71(c) each interrogatory is to be answered separately and fully under oath. Thus, an interrogatory constitutes evidence similar to that of direct testimony proffered by a witness under oath at trial. This Court is not bound to accept questionable testimony at face value even when it is uncontroverted. Ruark v. Commissioner,449 F.2d 311, 312 (9th Cir. 1971), affg. a Memorandum Opinion of this Court; Kean v. Commissioner,51 T.C. 337, 343-344 (1968), affd. on this issue 469 F.2d 1183, 1188 (9th Cir. 1972). [5] The process of valuing stock in a small closely-held corporation that is not listed on any exchange or otherwise traded regularly is a very complex and uncertain one. This is especially so in a falling market similar to the one that existed in the automotive industry during the gasoline crisis in 1973 and 1974.
*320 Generally, assets included in the gross estate are valued at their fair market value immediately after death. Goodman v. Granger,243 F.2d 264 (3d Cir. 1957). However, the notice of deficiency sent to the Estate of Davis Bales on August 2, 1977, indicates that the executor elected the alternate valuation date pursuant to section 2032.[6] Thus, all assets in the gross estate were to be valued as of 6 months following the decedent's death. With respect to the valuation of the City Buick stock on May 6, 1974, petitioner has consistently taken the position in her action in the New York State courts that the executor acted negligently in allowing the value of the business to drop drastically following her husband's death. It therefore seems inconsistent for petitioner to have conceded the $401,840 value as of 6 months after the decedent's death. *321 Summary judgment pursuant to Rule 121 corresponds to Rule 56 of the Federal Rules of Civil Procedure and constitutes a procedural mechanism designed to expedite the litigation process. Shiosaki v. Commissioner,61 T.C. 861 (1974); see the note to Rule 121, 60 T.C. 1127-1128 (1973). This mechanism, however, should not serve as a substitute for a trial on the merits. The effect of granting this motion would be to decide the controversy against petitioner, as transferee, without permitting her the opportunity for a trial with respect to the estate tax deficiency determined against the transferor, and, therefore, "such motion should be 'cautiously invoked' and only granted after a careful consideration of the case." Shiosaki v. Commissioner,supra at 863. Rule 121(b) provides that a decision may be rendered on a motion for summary judgment if it is shown "that there is no genuine issue as to any material fact and that a decision may be rendered as matter of law." The factual materials and the inferences drawn from such materials must be considered in the light most favorable to the party opposing *322 the motion. Heyman v. Commerce and Industry Insurance Co.,524 F.2d 1317 (2d Cir. 1975); Gauntt v. Commissioner,82 T.C. 96 (1984). Respondent, as the moving party, has the burden of demonstrating that no genuine issue exists as to any material fact, and that he is entitled to a judgment as matter of law. Adickes v. Kress & Co.,398 U.S. 144, 157 (1970); Gulfstream Land and Development Corp. v. Commissioner,71 T.C. 587, 596 (1979). Applying these standards in light of the facts in this record and in a manner most favorable to petitioner, we conclude that a genuine issue of material fact remains with respect to the valuation of the decedent's interest in City Buick, Inc. This Court has held that the presence of any reasonable doubt as to the facts at issue will result in the denial of the motion under Rule 121. Hoeme v. Commissioner,63 T.C. 18, 20 (1974). We emphasize again that in order to avoid transferee liability pursuant to section 6324(a)(2), petitioner will have the burden of proving that the transferor was not liable for the estate tax. Section 6902(a). In the instant case the amount *323 of tax owed will depend primarily on the value placed on the decedent's ownership interest in City Buick, Inc. There is no evidence in the record to indicate the manner by which respondent determined the value of this business interest other than by relying upon petitioner's negative response to an interrogatory.The record indicates merely that what was apparently a valuable asset at the decedent's death fell drastiocally in value over the course of the administration of the estate. [7]
The question of the value of stock in a closely-held corporation is inherently a factual one. Therefore, we decline to decide this case without a full opportunity to observe the parties and their evidence at trial. On this record, we will deny respondent's motion for summary judgment. An appropriate order will be issued.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect on the alternate valuation date (May 6, 1974).↩
3. Section 6901 provides, in part, as follows: (a) METHOD OF COLLECTION. -- The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, paid, and collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred: (1) Income, Estate, and Gift Taxes. -- (A) Transferees. -- The liability, at law or in equity, of a transferee of property -- * * * (ii) of a decedent in the case of a tax imposed by chapter 11 (relating to estate taxes), * * * in respect of the tax imposed by subtitle A or B. * * *↩
4. Sec. 6902(a) provides as follows: (a) BURDEN OF PROOF. -- In proceedings before the Tax Court the burden of proof shall be upon the Secretary to show that a petitioner is liable as a transferee of property of a taxpayer, but not to show that the taxpayer was liable for the tax.↩
5. See also Simon v. Commissioner,T.C. Memo. 1981-198↩.
6. Section 2032 provides as follows: (a) GENERAL. -- The value of the gross estate may be determined, if the executor so elects, by valuing all the property included in the gross estate as follows: * * * (2) In the case of property not distributed, sold, exchanged, or otherwise disposed of, within 6 months after the decedent's death such property shall be valued as of the date 6 months after the decedent's death. * * * (d) ELECTION. -- (1) IN GENERAL. -- The election provided for in this section shall be made by the executor on the return of the tax imposed by this chapter.Such election, once made, shall be irrevocable. (2) EXCEPTION. -- No election may be made under this section if such return is filed more than 1 year after the time prescribed by law (including extensions) for filing such return.↩
7. We note also that there is reason to believe that City Buick, Inc. was liquidated in a bankruptcy proceeding during the course of the estate administration.↩