ERWIN AND HELEN STARR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Starr v. Commissioner
Docket No. 39314-84
United States Tax Court
T.C. Memo 1990-146; 1990 Tax Ct. Memo LEXIS 170; 59 T.C.M. (CCH) 161; T.C.M. (RIA) 90146; March 20, 1990
Richard J. Alan Cahan, for the petitioners. William C. Sabin, Jr., for the respondent. BUCKLEY
*306 MEMORANDUM OPINION BUCKLEY, Special Trial Judge: We have before us petitioners' motion for summary judgment. This matter was assigned pursuant to the provisions of section 7443A of the *171 Code. [1]
Respondent determined deficiencies in petitioners' Federal income taxes as follows: Year
Amount
1978
$ 61,548
1979
38,539
1980
67,936
The parties are in agreement that the only remaining issue in this case concerns the deductibility of losses from various commodity straddle transactions. [2] The determination of this issue depends upon whether petitioners entered into the straddle transactions for profit. In support of their motion for summary judgment, petitioners have attached the affidavit of petitioner Erwin Starr and a deposition of Erwin Starr taken on February 18, 1987, to which are attached deposition Exhibits I through K. Respondent has filed objection to the motion, supported by affidavit of respondent's counsel to which is attached a copy of petitioners' account statements and documents reflecting the commodity straddle transactions in question from which he concludes that there was minimal profit or loss potential to the transactions. Respondent also questions whether the *172 transactions in question actually occurred in arm's-length transactions. Rule 121(b) provides that a summary judgment decision shall be "rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." A material fact is one that "tends to resolve any of the issues which have been properly raised by the parties." C. Wright, A. Miller & M. Krane, 10A Federal Practice and Procedure: Civil, sec. 2725 (2d ed. 1983). [3]
The effect of *173 granting a motion for summary judgment is to decide the case, or a portion of it, against a party without allowing that person an opportunity for trial. For this reason the motion should be cautiously invoked and only granted after careful consideration. Shiosaki v. Commissioner, 61 T.C. 861, 863 (1974). The burden of proof rests with the moving party, here petitioners, to show that there is no dispute about any material fact. Adickes v. Kress & Co., 398 U.S. 144 (1970). Petitioner Erwin Starr (hereafter petitioner) is a retired businessperson who does substantial investing to, as he states in his deposition, "make money." Much of his investing is on a short-term basis. He is not a dealer in commodities. Petitioner engaged in many commodity straddles during the years in question, utilizing Bear Stearns as his broker in this regard. Petitioner's investment activity constitutes his sole profit making activity during the years in question; he was not otherwise engaged or employed. In the notice of deficiency, respondent determined that gains and losses claimed on the 1978, 1979, and 1980 income tax returns involving commodity futures could not *174 be recognized "as you have not established that they were incurred as claimed." In addition, respondent determined that the losses were not deductible under section 165 "because you have not established that such losses were bona fide, or that the transactions were entered into for profit within the meaning of that section." Lastly, *307 respondent determined alternatively that if the transactions were entered into for profit, the losses after 1978 would be limited to the amount at risk. As a result of respondent's determination in this regard, he increased petitioners' taxable income for 1978, 1979, and 1980 in the amounts of $ 132,497, $ 27,650, and $ 128,606, respectively. Petitioners in their motion for summary judgment allege that there are no genuine issues of fact and that a holding in their favor is appropriate as a matter of law. We note that petitioner's deposition, which we have considered in connection with this motion, is replete with conclusory comments by petitioner that he entered into all of his transactions in order to make money. There is, however, no analysis of the possibility of profit in regard to any given commodity transaction of the many at issue *175 in this matter. The record indicates nothing in regard to respondent's alternative "at risk" determination in the notice of deficiency. The record also is wanting in regard to whether the transactions in question were at arm's length as well as whether in fact they actually occurred. In a matter very similar to that at bar, Mosher v. Commissioner, T.C. Memo. 1987-231, we stated: In Glass v. Commissioner, 87 T.C. 1087 (1986), this Court provided a comprehensive review of section 108 as amended by the Tax Reform Act of 1986, including an analysis of its effect on straddle transactions, as well as a summarization of the corresponding legislative history. We emphasized therein that the investor language [of section 108] parallels the section 165(c)(2) language which we construed in Smith [78 T.C. 350 (1982)] and Fox [82 T.C. 1001 (1984)] and (except as to commodities dealers) we think the effect of amended section 108 is to revalidate our holdings in those cases. 87 T.C. at 1167. Like the situation in Glass, the case before us does not involve commodity dealers. [Fn. ref. omitted.] *176 Therefore, as investors, petitioners herein must meet the test of loss incurred in a transaction entered into for profit. Glass v. Commissioner, supra at 1167. The question of whether a transaction is entered into for profit is an inherently factual one. See, e.g., Golanty v. Commissioner, 72 T.C. 411, 426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981). Petitioners' affidavits have failed to set forth facts establishing that the relevant transactions were entered into with a profit motive pursuant to the standards of section 165(c)(2) of the Internal Revenue Code. So too here. We have reviewed petitioner's deposition, the affidavits and memoranda of law. They do not serve to answer the question whether the transactions were entered into for profit, the quintessence of a factual issue. Further unanswered is respondent's contention that the transactions did not constitute arm's-length transactions. Petitioners' motion for summary judgment will be denied. An appropriate order will be issued. Footnotes
1. Section references are to the Internal Revenue Code in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. A stipulation of settled tax shelter issues in regard to certain Schedule C mining activity has been filed in this matter.↩
3. Summary judgment under Rule 121 is derived from Rule 56, Federal Rules of Civil Procedure. See note to Rule 121, 60 T.C. 1127-1128 (1973). Therefore, the history and authorities interpreting Rule 56, Federal Rules of Civil Procedure, will be considered and examined to determine whether similar conclusions are appropriate for this Court. See Hoeme v. Commissioner, 63 T.C. 18, 21↩ (1974).