FRANK J. DODIE AND KATHLEEN E. DODIE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dodie v. Commissioner
Docket No. 29076-88
United States Tax Court
T.C. Memo 1992-101; 1992 Tax Ct. Memo LEXIS 100; 63 T.C.M. (CCH) 2127; T.C.M. (RIA) 92101; February 19, 1992, Filed *100 An appropriate order and decision will be entered. Pasquale P. Caiazza, for petitioners. Alan S. Kline, for respondent. PARR
PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b)
Sec. 6653(b)(1)
Sec. 6653(b)(2)
1981
$ 4,779
$ 2,390
--  --
1982
5,827
--  $ 2,914
[1]
1983
19,694
--  9,847
[1]
1984
5,775
--  2,888
[1]
1985
4,008
--  2,004
[1]
Sec. 6653(b)(1)(A)
Sec. 6653(b)(1)(B)
1986
6,124
--  $ 4,593
[1]
Additions to Tax
Year
Sec. 6661 [2]
1981
--  1982
$ 1,457
1983
4,924
1984
1,444
1985
--  1986
1,531
This case is presently before the Court on respondent's motion for summary judgment pursuant to Rule 121. [3] Respondent seeks summary judgment on the grounds that the facts *101 deemed established by petitioners' failure to reply to respondent's request for admission within the prescribed 30-day period, leave no material issue of fact to be tried, and that respondent is entitled to summary judgment as a matter of law. Petitioners failed to appear for Calendar Call on December 9, 1991, in Pasadena, California. FINDINGS OF FACT Petitioners resided in Panorama City, California, at the time their petition was filed. This case was originally scheduled for trial at the trial session commencing March 19, 1990, in Pasadena, California. At the time of that trial petitioners were represented by Murray Greiff and respondent by Michael Fernandez-Melone. The parties made mutual concessions on some issues and believed that the outstanding issues would likewise be reconciled. Based on these findings, the Court *102 continued the case, retained jurisdiction, and allowed the parties 60 days to file a stipulated decision. The concessions were read into the record by respondent's counsel and orally concurred in by petitioners' counsel. [4] The parties agreed: 1) In the notice of deficiency the Respondent increased [5] interest income from the installment sale of real properties located in Fallen, California in the following amounts: For the year 1982, the amount of $ 4,850. For the year 1983, $ 7,237. For the year 1984, $ 7,843. For the year 1985, the amount of $ 8,402. And for 1986, $ 4,541. Petitioner concedes these issues in full.
2) Increased petitioner's *103 income * * * resulting from long-term capital gain from the sale of those Fallen properties: For 1982, the amount is $ 2,060. For 1983, the amount of $ 105. For 1984, the amount of $ 623. For 1985, $ 359. And for 1986, $ 16,264. Petitioner concedes those issues in full as well. 3) Increased Petitioner's taxable income in the year 1982 in the amount of $ 544. In the year 1986 by the amount of $ 640 less dividend exclusions of $ 200 for each of those years. Those represent unreported dividend income. Petitioner conceded those issues. 4) Additional tax for the years 1982 and 1986 in the amounts of $ 225, and $ 75, respectively, as a result of unreported interest income. Petitioner concedes those issues in full. 5) Disallowed deductions for interest in the year 1981 for $ 14,300; in 1982 for $ 10,000; in 1983 for $ 8,658; and in 1985 for $ 3,937. Petitioner concedes those issues in full. 6) Petitioner also concedes the addition to tax under section 6653(b)(1) and (b)(2) for all of the taxable years in issue, 1981 through 1986, inclusive. [This item relates to fraud.]
Respondent conceded, for all the years in issue, the addition to tax for substantial understatement *104 of income tax under section 6661. After the concessions, there remained [6] to be resolved within the 60-day period: 1) Gambling winnings in 1985 of $ 6,100; 2) taxable unemployment compensation in 1984 for $ 708; 3) income derived from unexplained bank deposits during 1983 for $ 8,337 and 1984 for $ 19,838; and 4) long-term capital gain from the sale of a residence in 1983 for $ 31,200.
After several status reports and updates thereto from July 9, 1990, through April 10, 1991, petitioners' counsel, Mr. Greiff, informed respondent on April 25, 1991, that he expected to return the decision documents signed within 30 days. However, on May 15, 1991, petitioners' counsel *105 filed a motion to withdraw on the grounds that petitioners cancelled scheduled appointments and failed to communicate with him with respect to executing and submitting a decision document. Notwithstanding, on May 17 petitioners, without the advice of counsel, served on respondent a "notice and demand" whereby they attempted to exculpate themselves by claiming that they were "not a [sic] Tax Protestor, but rather a Private Citizen attempting to protect his interests and the fruits of his Common Law endeavors from illegal confiscation under color of law." On June 10, 1991, we granted Mr. Grieff's motion to withdraw and restored this case to the general trial docket. On July 1, 1991, petitioners filed a notice of withdrawal of petition to United States Tax Court. The document asserted that petitioners are not classifiable as transferees, taxpayers, citizens, or persons according to the Internal Revenue Code's definition, and therefore the Court did not have proper jurisdiction. We treated the document as a motion to dismiss, and on July 3, 1991, the motion was denied. A new trial date was set for December 9, 1991, in Pasadena, California. Respondent filed a request for *106 admissions pursuant to Rule 90 on September 9, 1991. The request sought to compel petitioners to either admit or deny the facts set forth by respondent regarding the pending issues which petitioners had refused to settle. The admissions sought included the following: 6. Petitioners received, and intentionally failed to report, gambling winnings during the taxable year 1985 in the amount of $ 6,100. 7. Petitioners received, and intentionally failed to report, taxable unemployment compensation during the 1984 taxable year in the amount of $ 708. 8. Petitioners received, and intentionally failed to report, income derived from unexplained deposits during the taxable years 1983 and 1984 in the respective amounts of $ 8,337 and $ 19,938. 10. Petitioners received, and intentionally failed to report, capital gain income derived from the sale of a residence during the taxable year 1983 in the amount of $ 31,200.
Petitioners failed to reply within the prescribed 30 days. Under Rule 90, all undenied allegations are deemed admitted, and we so find. OPINION A motion for summary judgment should be granted under Rule 121(b) only if the record establishes that no genuine *107 issue of material fact exists and the moving party (respondent) is entitled to judgment as a matter of law. The burden of proof is on the moving party to show that no issue of material fact exists. We view the evidence in the light most favorable to the non-moving party (petitioners). Blanton v. Commissioner, 94 T.C. 491, 494 (1990); Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). A motion for summary judgment will be denied if there is any reasonable doubt as to the facts at issue. Hoeme v. Commissioner, 63 T.C. 18, 20 (1974). Applying these standards to the facts at issue and in a manner most favorable to petitioners, we find that respondent has met his burden of proving that no genuine issue of material fact remains in existence. Petitioners have the burden of proving the deficiency determination incorrect. Welch v. Helvering, 290 U.S. 111 (1933). Since petitioners failed to respond to the request for admissions, all the deficiencies determined in respondent's notice, except for section 6661 which was conceded by respondent, *108 are deemed admitted. Thus, respondent prevails as to the underlying deficiencies. Rule 142(a); Doncaster v. Commissioner, 77 T.C. 334 (1981); Gilday v. Commissioner, 62 T.C. 260 (1974). Respondent also determined petitioners are liable for additions to tax for fraud under section 6653(b). [7] Section 6653 (b) provides that if any part of the deficiency is due to fraud, the addition to tax shall be an amount equal to 50 percent of the deficiency in 1981 through 1985, and 75 percent in 1986. Moreover, section 6653(b)(2) for 1982 through 1985 and section 6653(b)(1)(B) for 1986 adds to the tax an amount equal to 50 percent of the interest payable under section 6601. Fraud is defined as an "intentional wrongdoing on the part of the taxpayer with the specific intent to avoid a tax known to be owing." Akland v. Commissioner, 767 F.2d 618, 621 (9th Cir. 1985) *109 (citing Conforte v. Commissioner, 692 F.2d 587, 592 (9th Cir. 1982). See also Powell v. Granquist, 252 F.2d 56, 60 (9th Cir. 1958). Respondent bears the burden of proof as to additions to tax for fraud under section 6653(b). That burden is to be carried by clear and convincing evidence. Rule 142(b). To meet his burden, respondent must show that (1) there was an underpayment and (2) petitioner intended to evade taxes known to be owing, by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. Lord v. Commissioner, 525 F.2d 741, 746 (9th Cir. 1975); Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968). Fraud is not to be imputed or presumed, Beaver v. Commissioner, 55 T.C. 85, 92 (1970), but rather must be established by some independent evidence of fraudulent intent. Yet, fraud may be proven by circumstantial evidence and reasonable inferences drawn from the facts because direct proof of petitioner's intent is rarely available. Spies v. United States, 317 U.S. 492 (1943); Rowlee v. Commissioner, 80 T.C. 1111 (1983). *110 Respondent cannot rely on petitioners' failure to prove error in respondent's deficiency determination to meet his burden of proving fraud. Sec. 7454(a); Rule 142(a); Habersham-Bey v. Commissioner, 78 T.C. 304, 312 (1982). However, petitioners' deemed admissions may provide a valid basis for finding respondent's burden has been met, and the case can be decided on respondent's motion for summary judgment. Doncaster v. Commissioner, supra; Gilday v. Commissioner, supra.
Courts have relied upon a number of indicia of fraud in deciding section 6653(b) cases. Although no single factor is necessarily sufficient to establish fraud, the existence of several indicia is persuasive circumstantial evidence of fraud. Solomon v. Commissioner, 732 F.2d 1459, 1461 (6th Cir. 1984); Petzoldt V. Commissioner, 92 T.C. 661, 700 (1989). Some examples are consistent and substantial understatements of income, Marcus v. Commissioner, 70 T.C. 562, 577 (1978), affd. without published opinion 621 F.2d 439 (5th Cir. 1980); and the refusal to cooperate in the examination *111 and investigation of tax liabilities, Powell v. Granquist, 252 F.2d 56, 59-60 (9th Cir. 1958). In the instant case, petitioners, while under the advice of counsel, conclusively conceded in the record the addition to tax for fraud for tax years 1981 through 1986 inclusive and facts which established substantial, intentional omissions of taxable income and unwarranted deductions. (See supra p. 4.) Moreover, petitioners' subsequent stance as tax protestors which led to their attorney's withdrawal, their refusal to communicate with respondent in the continuance of this case, and the filings of voluminous documents to deter and evade justice are all classic indicia of fraud. The deemed admissions under Rule 90 of additional unreported income further supports a finding of fraud. Fraud is not imputed from one spouse to another. In the case of a joint return, respondent must prove fraud as to each spouse charged for the addition to tax. Sec 6653(b); Stone v. Commissioner, 56 T.C. 213, 227-228 (1971). Both Mr. and Mrs. Dodie signed the returns known to be fraudulent. They are deemed to have each made the same admissions through counsel and *112 by failing to respond under Rule 90. Both have persisted in the tax-protester arguments and refused to cooperate in resolving this case, thus preventing the assessment and collection of tax due. We conclude that the facts deemed admitted under Rule 90(c), together with the oral admissions of counsel, are sufficient to satisfy respondent's burden of proof for fraud for both Mr. and Mrs. Dodie. Hence, there remains no genuine issue as to any material fact and respondent is entitled to a decision as a matter of law. Accordingly, respondent's motion for summary judgment will be granted. An appropriate order and decision will be entered. Footnotes
1. 50 percent of the interest payable under section 6601. ↩
2. This section was conceded in full by respondent.↩
3. All section references are to the Internal Revenue Code in effect for the year in issue, unless otherwise noted. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
4. Under the Federal Rules of Evidence, an admission by a party-opponent is conclusive evidence, no guarantee of trustworthiness is required. Fed. R. Evid. 801(d)(2)↩ advisory committee's note. 5. Respondent inadvertently stated that he "disallowed" petitioner's interest income and long-term capital gain (item 2). However, he corrected himself on the record.↩
6. In his Request for Admissions, respondent reiterated some of the conceded issues from the March 19 hearing quoted above. Even though they are also deemed admitted under Rule 90, they are excluded from this list. Since petitioner's counsel orally agreed to those concessions, they are conclusive admissions under Fed. R. Evid. 801(d)(2)↩.
7. The fraud section in effect during the years in issue were: Sec. 6653(b) for 1981; sec. 6653(b)(1) and (2) for 1982 through 1985; and sec. 6653(b)(1)(A) and (B) for 1986.↩