MARK AND DIANA McILVANE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McIlvane v. Commissioner
Docket No. 13520-92
United States Tax Court
T.C. Memo 1994-104; 1994 Tax Ct. Memo LEXIS 105; 67 T.C.M. (CCH) 2387; March 16, 1994, Filed *105 An appropriate order and decision will be entered granting respondent's motion for summary judgment. Mark McIlvane and Diana McIlvane, pro se. For respondent: Keith L. Gorman. PARR
PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined a deficiency in petitioners' 1990 Federal income tax in the amount of $ 13,738. Respondent further determined that petitioners were liable for the accuracy-related penalty under section 6662(a) in the amount of $ 2,748 for tax year 1990. This case is presently before the Court on respondent's motion for summary judgment pursuant to Rule 121, [1] filed on November 22, 1993. In her motion, respondent contends that there is no genuine issue of material fact as to the unreported capital gain and disallowed employee business expenses, which give rise to the deficiency, and the accuracy-related penalty under section 6662(a). *106 In their motion for continuance, filed on December 6, 1993, the date this case was scheduled for trial, petitioners objected to respondent's motion for summary judgment. Petitioners contend that material factual differences do exist in this case, particularly in the areas of deductible unreimbursed travel expenses and the basis of securities generating the unreported capital gains. Petitioners' motion also included a request for change of place of trial to Chicago, Illinois. FINDINGS OF FACT No stipulation of facts has been filed in this case. However, as discussed below, some facts will be deemed admitted under Rule 90(c) due to petitioners' failure to respond to respondent's request for admissions within 30 days of service. At the time the petition in this case was filed, petitioners resided in Lake Oswego, Oregon. Petitioners requested Philadelphia, Pennsylvania, as the place for trial at the time they filed their petition. On April 21, 1992, respondent issued a statutory notice of deficiency to petitioners for tax year 1990. In her notice, respondent determined that petitioners failed to report $ 13,355 in capital gain income for 1990. Respondent further disallowed *107 the entire amount of $ 29,617, deducted by petitioners as miscellaneous business expenses in tax year 1990. Respondent also asserted an accuracy-related penalty under section 6662(a). On June 17, 1992, petitioners filed a petition with this Court alleging that respondent erred in her determination of the deficiency and penalty for tax year 1990. On August 30, 1993, respondent served petitioners with a request for admissions, which was filed with this Court on September 2, 1993. Petitioners failed to answer or object to the request. Respondent requested the following admissions: (1) Petitioners received a Form 1099 from Stuart James and Company reflecting a taxable capital gain of $ 13,355.00 in the 1990 year. (2) The $ 13,355.00 should have been reported by petitioners as income. (3) Petitioners did not report the $ 13,355.00 in income. (4) Petitioners did not incur any deductible employee business expenses in 1990. (5) Petitioners are liable for the addition to tax under I.R.C. § 6662(a) in the amounts determined in the statutory notice of deficiency. (6) The adjustments and calculations of the statutory notice of deficiency are in all respects correct. * * *
Petitioners *108 filed a motion for continuance on Monday, December 6, 1993. [2] In their motion, petitioners contended that they had received respondent's motion, but did not have adequate time to respond due to their relocation from Lake Oswego, Oregon, to Chicago, Illinois, and petitioner Mark McIlvane's recent illness. Petitioners further urged denial of respondent's motion for summary judgment, alleging that material factual differences still existed in this case, and sought change of trial place to Chicago, Illinois. A hearing was held on Monday, December 6, 1993, in Philadelphia, Pennsylvania, *109 the day the case was scheduled for trial. Neither petitioner appeared at the hearing nor did any representative appear on their behalf. Respondent's counsel was present. We took respondent's motion for summary judgment under advisement. OPINION A motion for summary judgment should be granted under Rule 121(b) [3] only if the record establishes that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. A fact is material if it "tends to resolve any of the issues that have been properly raised by the parties." 10A Wright et al., Federal Practice and Procedure: Civil 2d sec. 2725, at 93 (2d ed. 1983). Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials of phantom factual issues. Kroh v. Commissioner, 98 T.C. 383, 390 (1992); Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). *110 The burden of proof is on the moving party to show that no issue of material fact exists. We view the evidence in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Blanton v. Commissioner, 94 T.C. 491, 494 (1990); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). A motion for summary judgment will be denied if there is any reasonable doubt as to the facts at issue. Hoeme v. Commissioner, 63 T.C. 18, 20 (1974). Under Rule 90(c), requests for admissions are deemed admitted unless an answer or objection is served on the requesting party "within 30 days after service of the request or within such shorter or longer time as the Court may allow." If the time to file responses to the requests for admissions is not extended and no answers or objections to the requests are filed within the 30-day period, each request is automatically deemed admitted without the entry of an order by the Court. Morrison v. Commissioner, 81 T.C. 644, 647 (1983); see also Marshall v. Commissioner, 85 T.C. 267, 272 (1985). *111 In the case at hand, petitioners have neither served on respondent nor filed with this Court a written response or objection to respondent's request for admissions. Therefore, each allegation of fact is deemed admitted. Accordingly, petitioners are deemed to have admitted that they failed to report $ 13,355 in capital gain income for tax year 1990, and did not incur any deductible employee business expenses in 1990. Rule 90(c); Marshall v. Commissioner, supra at 272; Morrison v. Commissioner, supra at 647. Respondent is, therefore, entitled to summary judgment as to the income tax deficiency. Section 6662(a) and (b) imposes a penalty for the underpayment of taxes in the amount of 20 percent of the portion of the underpayment attributable to negligence or disregard of rules or regulations. "Negligence" includes any failure to make a reasonable attempt to comply with applicable provisions of the Internal Revenue Code; "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). The deemed admissions establish that petitioners are liable for the penalty with regard to the entire underpayment. *112 The deemed admissions establish that no genuine issue of material fact exists as to the issue of negligence and, therefore, respondent is entitled to a decision on this issue as a matter of law. In addition to their failure to respond to respondent's requests for admissions, petitioners failed to show the existence of a genuine factual dispute in their objection to respondent's motion for summary judgment. Petitioners, as the nonmoving party, cannot rest upon the allegations and denials in their pleading. Their response, by affidavit or otherwise, must set forth specific facts showing the existence of a triable issue of fact. Rule 121(d); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). In the present case, petitioners only asked this Court to deny respondent's motion, contending that material facts were at issue in this case. However, they did not set forth any specific facts showing that material facts were in dispute. Therefore, due to petitioners' failure to respond to respondent's requests for admissions and to raise a triable issue of fact in their objection to respondent's motion or by appearing at the December 6, 1993, hearing, we *113 find summary judgment appropriate in this case. To reflect the foregoing, An appropriate order and decision will be entered granting respondent's motion for summary judgment. Footnotes
1. All section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise indicated.↩
2. Petitioners' motion was actually received by this Court on Friday, Dec. 3, 1993. However, due to the close proximity of trial, it was not filed until the calendar call on Monday, December 6, 1993, in Philadelphia, Pennsylvania. The motion contained 3 titles or requests: " Motion for Continuance of Trial Date; Motion for Denial of Respondent's Motion for Summary Judgment; and Motion for Change of Trial Place to Chicago, Illinois".↩
3. Rule 121(b) states in pertinent part: A decision shall * * * be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of laws.↩