T.C. Memo. 1996-138

UNITED STATES TAX COURT

STEWART E. FASON AND JANA K. FASON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2731-95.                           Filed March 20, 1996.

<u>Larry V. Bishins</u>, for petitioner Jana K. Fason.

<u>Sergio Garcia-Pages</u>, for respondent.

MEMORANDUM OPINION

PARR, <u>Judge</u>:  This case is presently before the Court on
petitioner Jana K. Fason's motion for summary judgment filed
February 28, 1996, pursuant to Rule 121.[1]  Respondent has not

---

[1]    All Rule references are to the Tax Court Rules of Practice
and Procedure, and all section references are to the Internal
Revenue Code in effect for the taxable year in issue, unless
otherwise indicated.

filed an objection to the motion, and we find that such an objection is unnecessary.[2]

By statutory notice dated December 13, 1994, respondent determined a deficiency in petitioners' Federal income tax for the year ended December 31, 1989, of $294,062 and a penalty under section 6662(a) in the amount of $58,812.

Petitioners, Jana K. Fason and Stewart E. Fason (hereinafter petitioners or petitioner and Mr. Fason, respectively), resided in Lake Worth, Florida, on February 21, 1995, the date the petition was filed. In their petition, petitioners asserted, among other things, that they properly computed the cost of goods sold reported on their 1989 Federal income tax return, and that the bad debt deduction claimed on their 1989 return was allowable. On December 11, 1995, petitioner moved for leave to amend the petition, so she could claim innocent spouse status pursuant to section 6013(e). We granted the motion. On February 28, 1996, petitioner filed a motion for summary judgment.

---

[2] Under Rule 121, when a motion for summary judgment is made and supported as provided in the Rule, an adverse party may not rest upon mere allegations or denials in his pleadings, but his response by affidavits or as otherwise provided in the Rule must set forth specific facts showing that there is a genuine issue of fact for trial, and if he does not so respond, a decision, if appropriate, may be entered against him. Rule 121(d). However, the opposing party need not come forth with affidavits or other documentary evidence unless the moving party makes a prima facie showing of the absence of a factual issue. Shiosaki v. Commissioner, 61 T.C. 861 (1974). Here, we are not satisfied that the moving party has made a prima facie case. (See discussion infra.)

The sole issue presented for summary adjudication is whether petitioner is entitled to innocent spouse relief for taxable year ended December 31, 1989. We hold that she is not entitled to summary adjudication on this issue.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). The existence of any reasonable doubt as to the facts will result in denial of the motion for summary judgment. Hoeme v. Commissioner, 63 T.C. 18, 20 (1974).

Background[3]

Petitioners were married during the entire taxable year 1989. They jointly filed a Federal Form 1040, Individual Income Tax Return, for 1989, claiming a $177,200 bad debt deduction. They also reported the income and expenses arising from PC Systems, a retail computer business, on Schedule C of their tax return.  Petitioners reported ending inventory and cost of goods sold for PC Systems of $1,321,501 and $4,635,061, respectively.

In her notice of deficiency, respondent determined that $168,000 of the $177,200 bad debt deduction claimed by petitioners was not allowable.  Respondent also determined that petitioners had understated their Schedule C ending inventory by $1,067,736 and therefore overstated their cost of goods sold by the same amount.

Innocent Spouse

Petitioner claims that she is entitled to innocent spouse relief for the taxable year 1989.

As a general rule, spouses who file joint tax returns are jointly and severally liable for Federal income tax due on their combined incomes, as well as for interest on, and additions to, the tax.  Sec. 6013(d)(3); Park v. Commissioner, 25 F.3d 1289, 1292 (5th Cir. 1994), affg. T.C. Memo. 1993-252.  However, an innocent spouse may obtain relief from such liability if the

---

[3]     The following background findings are made for the sole purpose of resolving the motion sub judice.

requirements of section 6013(e) are satisfied.  <u>Park v.</u>

<u>Commissioner</u>, <u>supra</u>.

To qualify for innocent spouse status, the spouse seeking

relief must satisfy all of the requirements of section

6013(e)(1).  Section 6013(e)(1) provides, in pertinent part, that

if:

> (A) a joint return has been made under this
> section for a taxable year,
>
> (B) on such return there is a substantial
> understatement of tax attributable to grossly erroneous
> items of one spouse,
>
> (C) the other spouse establishes that in
> signing the return he or she did not know, and had no
> reason to know, that there was such substantial
> understatement, and
>
> (D) taking into account all the facts and
> circumstances, it is inequitable to hold the other
> spouse liable for the deficiency in tax for such
> taxable year attributable to such substantial
> understatement,
>
> then the other spouse shall be relieved of liability for tax
> (including interest, penalties, and other amounts) for such
> taxable year to the extent such liability is attributable to
> such substantial understatement.

Petitioner has the burden of proving each requirement of section

6013(e)(1).  Rule 142(a); <u>Russo v. Commissioner</u>, 98 T.C. 28, 31-

32 (1992).  Failure to prove any one of the requirements will

preclude the spouse from relief.  <u>Park v. Commissioner</u>, <u>supra</u> at

1292; <u>Purcell v. Commissioner</u>, 826 F.2d 470, 473 (6th Cir. 1987),

affg. 86 T.C. 228 (1986); <u>Bokum v. Commissioner</u>, 94 T.C. 126, 138

(1990), affd. 992 F.2d 1132 (11th Cir. 1993).  The question

whether a taxpayer has established that he or she is entitled to relief as an innocent spouse is one of fact. Park v. Commissioner, supra at 1291.

Petitioner has satisfied the first requirement, because she made a joint return with Mr. Fason for taxable year 1989.

The second requirement is that there be a substantial understatement of tax attributable to grossly erroneous items of one spouse. Sec. 6013(e)(1)(B). A substantial understatement is any understatement which exceeds $500. Sec. 6013(e)(3). In addition, relief is not available for spouses whose preadjustment year gross income is $20,000 or less, unless the liability attributable to the substantial understatement is greater than 10 percent of that adjusted gross income. Sec. 6013(e)(4)(A). If the preadjustment year adjusted gross income is more than $20,000, relief is available only if the liability is greater than 25 percent of that adjusted gross income. Sec. 6013(e)(4)(B). However, if the understatement is attributable to an omission of an item from gross income, the percentage-of-adjusted-gross-income rules discussed above do not apply, but the understatement must still exceed $500. Sec. 6013(e)(4)(E).

There are two types of grossly erroneous items: (1) any claim of a deduction, credit, or basis by a spouse in an amount for which there is no basis in fact or law, and (2) any item of gross income attributable to a spouse which is omitted from gross income. Sec. 6013(e)(2). Thus, an understatement of tax

attributable to a deduction is a grossly erroneous item only if the claim of a deduction has no basis in fact or law. Sec. 6013(e)(2)(B). The phrase "no basis in fact or law" is not defined in section 6013(e). This Court, however, has held:

> A deduction has no basis in law when the expense, even if made, does not qualify as a deductible expense under well-settled legal principles or when no substantial legal argument can be made to support its deductibility. Ordinarily, a deduction having no basis in fact or in law can be described as frivolous, fraudulent, or, to use the word of the [Ways and Means] committee report [on the Deficit Reduction Act of 1984], phony. [Douglas v. Commissioner, 86 T.C. 758, 762-763 (1986); fn. ref. omitted.]

To prove that a disallowed deduction has no basis in fact or law, an individual seeking innocent spouse status is not entitled to rely on the Commissioner's disallowance of the deduction contained in the notice of deficiency, without introducing further evidence to establish that the deduction has no basis in fact or law. Douglas v. Commissioner, supra at 763; Rampulla v. Commissioner, T.C. Memo. 1993-504.

In this case, for the bad debt deduction to be considered grossly erroneous, petitioner must prove it had no basis in fact or law. Rule 142(a). Petitioner relies solely on respondent's disallowance of the deduction to prove the lack of a basis in fact or law. However, respondent's basis for disallowing the deduction, set forth in the notice of deficiency, does not make self-evident that the deduction lacks a basis in fact or law; rather, the determination merely states that such expense has not

been "established" as allowable.  We are unable to conclude on the record before us that petitioner has carried her burden of showing that such deduction lacked a basis in fact or law.  In addition, even if petitioner demonstrated that the deduction lacked a basis in fact or law, petitioner has not alleged any facts demonstrating that she meets the percentage-of-adjusted-gross-income rules set forth in section 6013(e)(4).  See discussion, supra p. 6.  Therefore, in regard to the bad debt deduction, we conclude that summary adjudication on petitioner's innocent spouse claim is inappropriate.

As noted above, section 6013(e)(2) treats an omission from gross income as a grossly erroneous item, regardless of whether such item had a basis in fact or law.  Since cost of goods sold is subtracted from gross sales to compute gross income,[4] an overstatement of cost of goods sold is treated as an omission from gross income, and therefore an overstatement of cost of goods sold, by itself, is considered grossly erroneous.  In re Lilly v. Internal Revenue Service, __ F.3d __, __ (4th Cir., Feb. 20, 1996); Lawson v. Commissioner, T.C. Memo. 1994-286; LaBelle v. Commissioner, T.C. Memo. 1986-602.  Accordingly, in the case at bar, the overstatement of cost of goods sold is a grossly erroneous item.  In addition, the understatement arising from such item creates a substantial understatement, because it is in

---

[4]    Secs. 1.61-3(a) and 1.162-1(a), Income Tax Regs.

excess of $500 and the percentage-of-adjusted-gross-income rules do not apply. Sec. 6013(e)(3) and (4)(E).

Although the overstatement of cost of goods sold creates a substantial understatement of tax attributable to a grossly erroneous item, we must examine the remaining elements of section 6013(e), i.e., sec. 6013(e)(1)(C), (D), to determine whether petitioner can claim innocent spouse status for the liabilities arising from this item.

The knowledge test, under section 6013(e)(1)(C), requires a taxpayer to show that, at the time of signing a joint return, he or she did not know and had no reason to know of the substantial understatement of tax on the return. A spouse has "reason to know" of an understatement if:

> a reasonably prudent taxpayer under the circumstances
> of the alleged innocent spouse at the time of signing
> the return could be expected to know that the tax
> liability stated was erroneous or that further
> investigation was warranted. * * * [Park v.
> Commissioner, 25 F.3d at 1293 (citing Sanders v. United
> States, 509 F.2d 162, 166-167 & n.5 (5th Cir. 1975)).]

The primary ingredients of this test are (1) the circumstances which face the taxpayer; and (2) whether a reasonable person in the same position would have reason to know that omissions had been made. Shea v. Commissioner, 780 F.2d 561, 565-566 (6th Cir. 1986), affg. in part and revg. in part T.C. Memo. 1984-310. Whether an individual had reason to know of a substantial understatement is generally regarded as a question of fact. Id.; Estate of Gryder v. Commissioner, 705 F.2d 336 (8th Cir. 1983),

affg. T.C. Memo. 1981-466; Ratana v. Commissioner, 662 F.2d 220, 224 (4th Cir. 1981), affg. in part and revg. in part T.C. Memo. 1980-353; Sanders v. United States, supra at 166.

Petitioner has alleged certain facts for the purpose of demonstrating that she neither knew nor had reason to know of the substantial understatement arising from the overstatement of cost of goods sold.  After considering the facts alleged, petitioner's state of mind is still not established.  Her state of mind is clearly an issue of material fact that is not ripe for summary adjudication.  To resolve this issue, evidence will be required; i.e., direct testimony and cross-examination.  The facts and circumstances relating to this issue have not yet been adequately developed, making this issue inappropriate for summary judgment. See Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Hoeme v. Commissioner, 63 T.C. 18, 20 (1974).

Finally, petitioner has not set forth facts sufficient to properly address or resolve in her favor the factors we consider in resolving the issue of whether it would be inequitable to hold her liable for the deficiency.

For the reasons stated herein, petitioner's motion for summary judgment is denied.

An appropriate order will be issued.